**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **AMBERLY JOHNSON,** | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 3:06CV559-CSC-E |
| **WAFFLE HOUSE, INC.,** | ) ) ) | |
| Defendant. | ) ) ) | |

**ANSWER OF WAFFLE HOUSE, INC. TO PLAINTIFF'S COMPLAINT**

**COMES NOW** Defendant Waffle House, Inc. ("Defendant") and answers the Complaint filed by plaintiff Amberly Johnson ("Plaintiff"), as follows:

To the specific numbered paragraphs of the complaint, Defendant answers as follows:

1. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

2. Defendant admits that it is a Georgia corporation and does business in Lee County, Alabama.

3. Defendant is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint and therefore denies the same and demands strict proof thereof.

4. Upon information and belief, Defendant admits that Plaintiff was on the premises of Defendant's restaurant located at 907 Fox Run Parkway, Opelika, Alabama on January 1, 2006. Defendant is without sufficient knowledge or information to either admit or deny the

remaining allegations of paragraph 4, and therefore denies the same and demands strict proof thereof.

  5. Defendant denies the allegations contained in paragraph 5 of the Complaint and demands strict proof thereof.

  6. Defendant denies the allegations contained in paragraph 6 of the Complaint and demands strict proof thereof.

  7. Defendant denies the allegations contained in paragraph 7 of the Complaint and demands strict proof thereof.

  8. Defendant denies the allegations contained in paragraph 8 of the Complaint and demands strict proof thereof.

  9. Paragraph 9 of Plaintiff's Complaint fails to make a factual allegation; therefore, no response is necessary.

  Defendant denies the averments of the unnumbered paragraph following Paragraph 9 beginning with "Wherefore" and demands strict proof thereof. Defendant specifically denies that Plaintiff is entitled to any judgment, damages, or other relief whatsoever and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendant pleads the general issue.

### THIRD DEFENSE

To the extent not specifically admitted or denied above, Defendant denies each and every material allegation of the Complaint and demands strict proof thereof.

**FOURTH DEFENSE**

Plaintiff's claims are barred by a valid release.

**FIFTH DEFENSE**

Plaintiff's claims are barred by the doctrines of waiver and/or laches.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

**SEVENTH DEFENSE**

Plaintiff is not entitled to recover from Defendant because Plaintiff's damages, if any, were not caused by any act or omission of Defendant, or, in the alternative, were caused by acts or omissions of others for which Defendant had no responsibility.

**EIGHTH DEFENSE**

Defendant did not breach any duty or obligation allegedly owed to Plaintiff.

**NINTH DEFENSE**

Plaintiff's claims for damages are barred in whole or in part by the doctrines of set off and/or recoupment.

**TENTH DEFENSE**

Plaintiff's claims are barred by ratification and/or estoppel.

**ELEVENTH DEFENSE**

To the extent that Plaintiff seeks punitive damages, Defendant denies that it has been guilty of any conduct that entitles Plaintiff to recover punitive damages.

**TWELFTH DEFENSE**

Any claims for punitive damages against Defendant are barred in whole or in part by ALABAMA CODE § 6-11-20, 6-11-21, 6-11-27, and by the United States Constitution and by the Alabama Constitution.

Defendant reserves the right to raise other defenses after conducting discovery and investigating the facts and circumstances of this case and to adopt defenses raised by any other defendant added to this lawsuit.

Respectfully submitted,

_____/s  Robert E. Battle_____
Robert E. Battle (ASB-7807-T67R)
Michael J. Clemmer (ASB-4005-E68M)
Attorneys for Defendant WAFFLE HOUSE, INC.

**OF COUNSEL:**

**BATTLE FLEENOR GREEN
   WINN & CLEMMER LLP**
The Financial Center
505 North 20th Street
Suite 1150
Birmingham, Alabama 35203
Telephone: (205) 397-8160
Fax: (205) 397-8179
Email: rbattle@bfgwc.com
         mclemmer@bfgwc.com

4

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been served on the following counsel of record by electronically filing with the Clerk of the Court using the CM/ECF system and/or placing same in the United States mail, postage prepaid, addressed as follows:

Benjamin H. Parr<br>
Ingrum, Rice & Parr, LLC<br>
410 Second Avenue<br>
Opelika, AL 36801

on this the 17th day of July, 2006.

                                                                 __/s Robert E. Battle_____  
                                                                 OF COUNSEL