## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| **AMBERLY JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CV 3:06CV559-CSC-E** |
| | ) | |
| **WAFFLE HOUSE, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### JOINT REPORT OF PARTIES' PLANNING MEETING

Pursuant to Rule 26(f) of the *Federal Rules of Civil Procedure*, a meeting was held on the 3rd day of August, 2006, by telephone and attended by Benjamin Parr, attorney for Amberly Johnson ("Plaintiff"), and Robert E. Battle, attorney for Waffle House, Inc. ("Defendant").

**I.    DESCRIPTION OF CLAIMS AND DEFENSES.**

**A.    The Plaintiff's Claims**:

Plaintiff was injured when a non-party drove a vehicle into the Waffle House restaurant where she was eating on 1 January 2006. Plaintiff settled with and released the non-party driver and his insurance carrier without filing suit. Plaintiff claims that Defendant had a duty to protect its business invitees, breached that duty by failing to take preventative measures to protect said invitees, even after two prior accidents similar to Plaintiff's, and that the breach was a proximate result of Plaintiff's injuries. Plaintiff claims that because of the wanton conduct, a similar accident having occurred twice before and Defendant failing to act, punitive damages should be assessed against Defendant.

      **B.     The Defendant's Defenses**:

Defendant denies it is liable for any of the claims asserted by Plaintiff. Defendant maintains that the non-party driver of the vehicle which allegedly struck Plaintiff and with whom Plaintiff has settled is responsible for Plaintiff's alleged injuries. Defendant also asserts that Plaintiff's claims are barred by the settlement agreement and release she entered into with the non-party driver and/or the driver's insurer. Defendant further asserts that Plaintiff's claims are barred based on the affirmative defenses set forth in its Answer, among other reasons.

## II.   <u>PRE-DISCOVERY DISCLOSURES</u>.

The parties jointly propose that the parties refrain from exchanging initial disclosures until Defendant obtains the settlement agreement and release noted below, files its summary judgment regarding same, and obtains a ruling from the court. Should the court grant this motion for summary judgment, the exchange of initial disclosures will not be necessary. Should the court deny said motion**, t**he parties shall exchange the information required by Rule 26(a)(1) of the *Federal Rules of Civil Procedure* within 20 days of such denial.

## III.   <u>DISCOVERY PLAN</u>.

The parties jointly propose that they refrain from conducting formal discovery other than Defendant issuing a subpoena to obtain the settlement agreement and release entered into between Plaintiff and non-parties State Farm Insurance and/or John Alexander Gresham relating to the occurrence made the basis of Plaintiff's lawsuit. Defendant intends to file a motion for summary judgment on the ground that this settlement agreement and release bars Plaintiff's claims in this action. Should the court grant this motion for summary judgment, no discovery will be necessary. Should the court deny this motion summary judgment, the parties propose the following discovery plan:

**A.      Subjects.**  Discovery will be needed on the following subjects: Any and all claims asserted by the Plaintiff in her Complaint.  Any and all defenses asserted by the Defendant in its Answer.

**B.      Discovery Cut-off.**  Unless modified by the Court for good cause shown, all discovery must be commenced in time to be completed by 30 days prior to the pretrial hearing.

**C.      Interrogatories.**  A maximum of 40 interrogatories may be submitted by the parties.  Responses to the interrogatories are due 30 days after service.

**D.      Requests for Admission.**  A maximum of 25 requests for admission, including subparts, by each party to any other party.  Responses are due 30 days after service.

**E.      Requests for Production.**  A maximum of 40 requests for production, including subparts, by each party to any other party.  Responses are due 30 days after service.

**F.      Depositions.**  A maximum of 5 depositions by the Plaintiffs and 5 depositions by the Defendant may be taken, unless they agree to allow additional depositions.  Each deposition is limited to a maximum of 6 hours, unless extended by agreement of the parties.

**G.      Experts.**  Unless modified by stipulation of the parties, the disclosure of expert witnesses, including a complete report under Rule 26(a)(2)(B) of the *Federal Rules of Civil Procedure* from any specially retained or employed expert, is due:

      **1.**      From the Plaintiffs by 90 days prior to the pretrial hearing;

      **2.**      From the Defendant by 60 days prior to the pretrial hearing.

**H.      Supplementation.**  Supplementation under Rule 26(e) must be completed within 30 days of knowledge of the need to supplement but not later than 10 days before the completion of discovery.

IV.    <u>**OTHER ITEMS.**</u>

    **A.**    **Scheduling Conference.**  The parties do not request a scheduling conference.

    **B.**    **Pretrial Conference.**  The parties request a pretrial conference 45 days prior to the trial date.

    **C.**    **Pleadings and Parties.**  The Parties shall have until November 1, 2007, to add additional parties or amend the pleadings.

    **D.**    **Dispositive Motions.**  All potentially dispositive motions must be filed by 30 days prior to the pretrial hearing.  Further, Defendant shall file its motion for summary judgment referred to in Section III above related to the settlement agreement and release between Plaintiff and State Farm Insurance and/or John Alexander Gresham within 21 days of receipt of the settlement agreement and release.

    **E.**    **Settlement.**  Settlement cannot be evaluated prior to the parties conducting some discovery and may be enhanced by the use of mediation at a later date.

    **F.**    **Witness and Exhibit Lists.**  Final lists of witnesses and exhibits under Rule 26(a)(3) should be due:

        **1.**    From the Plaintiff 30 days prior to trial date;

        **2.**    From the Defendant 20 days prior to trial date.

        **3.**    The parties should have 10 days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    **G.**    **Trial.**  This case should be ready for trial by August 6, 2007, and at this time is expected to take approximately 3 days.

Respectfully submitted this the 15th day of August, 2006.

/s/ Benjamin H. Parr
Benjamin H. Parr (PAR-112)
Attorney for the Plaintiff Amberly Johnson

**OF COUNSEL**:

**INGRUM, RICE & PARR, LLC**
410 Second Avenue
Opelika, AL 36801
Telephone:  (334) 745-3333

/s/ Robert E. Battle
Robert E. Battle (ASB-7807-T67R)
Attorney for Defendant Waffle House, Inc.

**OF COUNSEL**:

**BATTLE FLEENOR GREEN WINN & CLEMMER LLP**
The Financial Center
505 North 20th Street, Suite 1150
Birmingham, Alabama 35203
Telephone: (205) 397-8160
Facsimile: (205) 397-8179