IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMBERLY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 3:06CV559-CSC-E |
| | ) |
| WAFFLE HOUSE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT THEREOF**

**COMES NOW** Waffle House, Inc. ("Waffle House" or "Defendant"), by and through its undersigned counsel, and, pursuant to Rule 56 of the Federal Rules of Civil Procedure, moves the Court to enter summary judgment in its favor and against Plaintiff Amberly Johnson ("Plaintiff") on all claims asserted by Plaintiff in her Complaint because there is no genuine issue as to any material fact and Waffle House is entitled to a judgment as a matter of law. In support of this Motion, Waffle House states as follows:

**INTRODUCTION**

Plaintiff alleges that she was injured while she was eating at a restaurant owned by Waffle House. In particular, Plaintiff alleges that she was struck by an automobile driven by James Alexander Gresham ("Gresham") on January 1, 2006, when he drove his vehicle into a Waffle House restaurant. Subsequently, Plaintiff entered into a settlement agreement with Mr. Gresham's insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). As part of this settlement agreement, Plaintiff was paid $12,500.00 in exchange for entering into a

release, which Plaintiff signed in June, 2006 ("Release"). (A copy of the Release is attached hereto as Exhibit "A.")

In the Release, Plaintiff agreed to release James Gresham and Janice Gresham as well as "their heirs, executors, administrators, agents and assigns, and **all other persons, firms or corporations liable or, who might be claimed to be liable . . . from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 1st day of January, 2006 at or near Opelika, Alabama.** (See Exhibit "A") (emphasis added) Further, Plaintiff agreed that the settlement was made **"for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident."** (See Exhibit "A") (emphasis added).

On June 22, 2006, Plaintiff sued Waffle House, alleging that Waffle House negligently and/or wantonly failed to provide adequate protection from vehicular traffic in its restaurant. Plaintiff's claims in this lawsuit arise out of the same accident on January 1, 2006, to which the Release applies.

In the Release, Plaintiff not only agreed to release Gresham and State Farm from any claims related to the accident, but also "all other persons, firms or corporations who might be claimed to be liable" due to the accident. Moreover, Plaintiff agreed that the settlement was made "for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident." Based on the clear and unambiguous language of the Release, the evidence attached hereto, and the case law cited below, Plaintiff's claims against Waffle House are barred by the Release and due to be dismissed as a matter of law.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed. 2d 265 (1986); Shalimar Contractors, Inc. v. American States Ins. Co., 975 F. Supp. 1450 (M.D. Ala. 1997). The court must construe the evidence and factual inferences in the light most favorable to the non-moving party. Givahn v. Electronic Engineers, Inc., 4 F. Supp. 2d 1331, 1335 (M.D. Ala. 1998)(citing Adickes. S.H. Kress & Co., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment has the burden to establish there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Celotex, 477 U.S. at 323. In cases where the non-moving party will bear the burden of proof at trial, the moving party may either submit affirmative evidence negating an essential element of the non-moving party's claim, or demonstrate that the non-moving party's evidence is insufficient to establish an essential element of his claim. Celotex, 477 U.S. at 322.

When the moving party makes out a prima facie case that no genuine issue of material fact exists, the burden shifts to the non-moving party to rebut the showing by presenting substantial evidence of the existence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Neither unsubstantiated assertions nor conclusory allegations are sufficient to satisfy the non-moving party's burden. Earley v. Champion Int'l Corp., 907 F. 2d 1077, 1081 (11th Cir. 1990); Grigsby v. Reynolds Metals Co., 821 F.2d 590 (11th Cir. 1987). Courts have defined "substantial evidence" as "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida, 547 So. 2d 870, 871 (Ala. 1989); see

*also* United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991). The non-moving party must go beyond the pleadings, and by affidavits or other evidence, he must show that there is a genuine issue for trial. Celotex, 477 U.S. at 323; See also FED. R. CIV. P. 56(e). In meeting this burden, the nonmoving party must do more than simply show that there is a metaphysical doubt as to the material facts. The non-moving party must demonstrate there is a genuine issue for trial. Celotex, 477 U.S. at 323.

### STATEMENT OF FACTS

1. Plaintiff alleges she was injured when she was hit by an automobile driven by Gresham while she was eating at a Waffle House restaurant. (Complaint at ¶ 6)

2. Mr. Gresham's vehicle also damaged the Waffle House restaurant during the Accident. (See Exhibit "A")

3. On or about March 27, 2006, State Farm entered into a settlement agreement with Waffle House to settle the property damage claim made by Waffle House relating to the Accident. (See Exhibit "A")

4. In conjunction with payment of the settlement amount for the property damage claim, State Farm obtained a release for itself and its insureds from Waffle House for property damage only relating to the Accident. (See Exhibit "A")

5. In or about June, 2006, Plaintiff entered into a settlement agreement for $12,500.00 with State Farm, Gresham's insurer. (See. Exhibit "B")

6. In exchange for the settlement payment from State Farm, Plaintiff entered into a Release. (See Exhibit "B")

7. The Release executed by Plaintiff states as follows:

**RELEASE**

For the Sole Consideration of (12,500.00) Twelve Thousand Five Hundred Dollars the receipt and sufficiency whereof is hereby acknowledged, **the undersigned hereby releases and forever discharges** GRESHAM, JAMES and/or GRESHAM, JANICE their heirs, executors, administrators, agents and assigns, **and all other persons, firms or corporations liable or, who might be claimed to be liable**, none of whom admit any liability to the undersigned but all expressly deny any liability, **from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 1st day of January, 2006 at or near Opelika, Alabama.**

This release expressly reserves all rights of the parties released to pursue their legal remedies, if any, against the undersigned, their heirs, executors, agents and assigns.

**Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted** for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and **for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.**

Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above.

(See Exhibit "B") (emphasis added).

8. After accepting the settlement payment and executing the Release, Plaintiff sued Waffle House, alleging negligently and/or wantonly failed to provide adequate protection from vehicular traffic in its restaurant. (See Complaint at ¶ 5)

**ARGUMENT**

A.  **Courts Should Enforce Clear and Unambiguous Releases Executed In Conjunction With Settlement Agreements As a Matter of Law.**

Under Alabama law, "[t]he language of a settlement agreement must be construed in a straight forward manner." Childersburg Bank Corporation, Inc. v. People's State Bank of Commerce, 2006 WL 1540888 at *7 (Ala. Civ. App.) (citing Oakes v. City of Fairhope, 515 F. Supp. 1004, 1032 (S.D. Ala. 1981)). Further, "[t]he parties to a contract may prescribe the conditions under which they shall be bound thereby and the words so employed will be given their ordinary and accepted meaning." Childersburg Bank Corporation, Inc. at *7 (citing Taylor v. Riley, 272 Ala. 690, 693, 133 So. 2d 869, 871 (1961)). "'It is well settled under Alabama law that the words of a contract are to be given their ordinary intention of the parties is to be derived, if possible, from the provisions of the contract itself." Childersburg Bank Corp., Inc. at *7 (citing BoWing Office Sys., Inc. v. Johnson, 744 So.2d 915, 918 (Ala. Civ. App. 1999). "When the rules of contract construction are sufficient to resolve the ambiguity, the trial court must rule on that basis, without resorting to parol evidence and submitting the case to the jury." Childersburg Bank Corporation, Inc., at *6 (citing Vesta Fire Ins. Corp. v. Liberty Nat.'l Life Ins. Co., 893 So.2d 395, 403-04 (Ala. Civ. App. 2003)); see also, Griffin Electric, Inc. v. Dunn Construction, Co., 622 So. 2d 314, 317 (Ala. 1993) ("absent fraud, a release supported by valuable consideration and unambiguous in meaning will be given effect according to the intentions of the parties from what appears in the four corners of the document itself; and parol evidence is not admissible to impeach or vary its terms").

B.  **The Release at Issue Signed by Plaintiff is Clear and Unambiguous.**

Alabama courts have routinely upheld releases executed by plaintiffs as a matter of law, including releases containing identical language to the Release at issue in this lawsuit. For

6

example, in State Farm Mutual Automobile Insurance Company vs. Brackett, plaintiffs sued their insurer, State Farm Mutual Automobile Insurance Company, after they had received a settlement payment and signed a release drafted by State Farm in conjunction with the settlement payment. State Farm Mutual Automobile Insurance Company v. Brackett, 527 So.2d 1249, 1249-50 (Ala. 1988). The release signed by the plaintiffs contained the following language:

> For the sole consideration of two thousand five hundred and no/100 dollars, the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges Juanita Johnson and State Farm Mutual Automobile Insurance Company, their heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the fourteen[th] day of January, 1984, at or near Gadsden, Etowah County, Alabama.
>
> This release expressly reserves all rights of the parties released to pursue their legal remedies, if any, against the undersigned, their heirs, executors, agents and assigns.
>
> Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment in settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

In Brackett, Plaintiffs discovered after they signed the release that their injuries were more significant than they had believed at the time they signed the release, and sued State Farm to get the release set aside. Id. at 1250. In particular, the plaintiffs argued that the release was executed under a mutual mistake of fact and was also induced by fraud. Id. at 1250.

After a non-jury trial, the trial court set aside the release, finding that the release had been executed under a mutual mistake of fact and that it was equitable for the release to be rescinded. Id. at 1251. The Alabama Supreme Court reversed the trial court's order, holding that the release

was enforceable to bar plaintiffs' claims related to the injuries suffered in the accident which related to the settlement and release. Moreover, the Alabama Supreme Court held that the language of the release was clear and unambiguous and did not create an issue of fact. Id. at 1253.

Similarly, in Cleghorn v. Scribner, the Alabama Supreme Court held that a plaintiff who was injured by a State Farm insured in an automobile accident, and who signed a release containing identical language relating to the material provisions of the Release at issue in this lawsuit, was foreclosed from seeking damages related to that accident once he had signed the release. Cleghorn v. Scribner, 597 So. 2d 693, 694, 697 (Ala. 1992). In Cleghorn, the plaintiff had accepted $5,000.00 in exchange for signing a release containing the following language:

> [Cleghorn] hereby releases and forever discharges [Scribner] from any and all claims, demands, damages, actions, causes of action, or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from [the] accident . . . [Cleghorn] hereby declares that the terms of this settlement agreement had been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

Plaintiff negotiated this settlement agreement and signed the release without consulting an attorney. Id. at 694. After signing the release, plaintiff's medical condition worsened and plaintiff then suffered $83,500.00 in lost wages as a result of the accident related to this settlement agreement. Id. at 696. Plaintiff sued the driver of the vehicle and State Farm regarding this accident, arguing that the release should not be enforced due to fraud, lack of consideration, and mutual mistake. The trial court found that the release was enforceable and dismissed plaintiff's claim, and plaintiff appealed to the Alabama Supreme Court. Id. at 694.

8

The Alabama Supreme Court upheld the trial court's dismissal based on the unambiguous terms of the release. Id. at 697. Importantly, the Court noted that the law in Alabama is that "in the absence of fraud, a release afforded by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties from what appears within the four corners of the instrument itself, and parol evidence may not be introduced to establish the existence of a mutual mistake of fact when the release was signed as a basis for a rescission of that release." Id. at 696. Further, the Court stated "because voluntary settlements are favored, if a doubt or dispute exists between parties with the respect to their rights, and all have the same knowledge or means of obtaining knowledge concerning the circumstances involving those rights . . . . and there is no fraud or other misleading incident, a compromise into which they have voluntarily entered must be enforced, although the disposition made by the parties and their agreement may not be that which the court or a jury would have made had the controversy been litigated." Id. at 696-97.

Here, Plaintiff accepted $12,500.00 in exchange for executing a release drafted by State Farm which contains identical material provisions to the releases signed by the plaintiffs in both Cleghorn and Brackett. In each of those cases, the Alabama Supreme Court determined that these identical provisions were clear and unambiguous and should be enforced as a matter of law.

C. **The Court Should Dismiss This Action Against Waffle House Because Waffle House Was Intended to Be Released in the Release at Issue.**

Courts in other jurisdictions have held that a defendant which is not a specifically named party in a general release signed by a plaintiff containing identical material provisions to the Release at issue can enforce the clear and unambiguous terms of a release to bar a plaintiff's claims against such a defendant. See Buttermore v. Aliquippa Hospital, 522 Pa. 325, 328, 561

9

A.2d 733, 735 (1989) (Pennsylvania Supreme Court upheld trial court's decision to dismiss plaintiff's claims against the hospital based on clear terms of the release even though the hospital had not been a specifically named party in the release nor contributed any consideration to the settlement agreement);[1] Romska v. Opper, 234 Mich. App. 512, 514, 594 N.W. 2d 853 (1999) (affirming trial court's decision to enforce the clear and unambiguous terms of a release and dismissed the plaintiff's claims even though the defendant was not a specifically named party in the settlement agreement and release nor paid any consideration).[2]

---

[1] In Buttermore, plaintiff executed a release with the following language:

> I/we being of lawful age, for myself/ourselves my/our heirs, administrators, executors, successors and assigns hereby remise, release, acquit and forever discharge [defendant driver], et al. His/her successors and assigns, and/or his, her, their, and each of their associates, heirs, executors and administrators and any and all other persons, associations, and/or corporations, whether known or unknown, suspected or unsuspected, past, present and future claims, demands, damages, actions, third party actions, causes of action or suits at law or in equity, indemnity of whatever nature, for or because of any matter or thing done, omitted or suffered to be done, on account of or arising from damage to property, bodily injury or death resulting or to result from an accident which occurred on or about the third day of December, 1981 at or near Aliquippa, Pennsylvania for which I/we have claimed the said [defendant driver],et al., to be legally liable, but this release shall not be construed as an admission of such liability.

Id. at 327-28, 734.

[2] In Romska, plaintiff executed a standard release which stated as follows:

> I/we hereby release and discharge [the driver of the second vehicle], his or her successors and assigns and **all other parties, firms, or corporations who are or might be liable,** from all claims of any kind or character which I/we have or might have against him/her or them and especially because of all damages, losses or injuries to person or property, or both, whether developed or undeveloped, resulting or to result, directly or indirectly, from an accident which occurred on or about May 16, 1994 at [left blank] and I/we hereby acknowledge full settlement and satisfaction of all claims of whatever kind or character which I/we may have against him/her or them by reason of the above-named damages, losses or injuries.

Id. at 514, 856. (emphasis added).

Under Alabama law, a general release may be enforced by a defendant who is not specifically named and does not contribute consideration. Ford Motor Company v. Neese, 572 So. 2d 1255, 1257 (1990). However, "both the terms of the release as well as the intentions of the parties must be considered. . . ." before such a determination may be made. Id. at 1256.

Plaintiff's claims are due to be dismissed based on the Release at issue as well as the circumstances at hand. Here, Plaintiff voluntarily entered into a settlement agreement with Mr. Gresham and State Farm. In exchange for a settlement payment, Plaintiff executed the Release which clearly and unambiguously stated that she was not only fully releasing State Farm and the Greshams, but also "all other persons, firms, or corporation liable, or who might be claimed to be liable" for her alleged injuries related to the accident at issue. (See Exhibit "B"). Waffle House clearly fits within the class of persons and entities (i.e., all corporations who might be claimed liable) released by Plaintiff in the Release. Because the Accident occurred at the Waffle House restaurant and because State Farm negotiated a settlement with Waffle House for property damage only prior to obtaining the Release from Plaintiff, State Farm was aware that Waffle House might be sued by Ms. Johnson as a result of the Accident. (See Exhibit "A") Further, Plaintiff was also aware that Waffle House could be a defendant, as she was injured at the Waffle House restaurant approximately six months prior to entering into the Release. Thus, the evidence reflects that Waffle House was intended to be released.

Further, the clear and unambiguous terms of the Release states that the settlement between State Farm and Plaintiff was made "for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident." (See Exhibit "B"). The plain meaning of this language should bar Plaintiff from bringing the instant claims related to the accident at issue. Moreover, the terms reflect that State Farm intended that the Release signed by

Ms. Johnson would apply to any and all claims which could be asserted by Ms. Johnson as a result of the accident, including any claims she might assert against Waffle House. Further, had Plaintiff intended to pursue a claim against Waffle House, she could have simply limited the Release to that effect. Consequently, based on the clear terms of the Release and surrounding circumstances as well as the case law cited above, the Court should enter summary judgment in favor of Waffle House and against Plaintiff on all claims in this lawsuit and dismiss this action with prejudice.

## **CONCLUSION**

Based on the foregoing, there is no genuine issue as to any material fact and Waffle House is entitled to a judgment as a matter of law. Thus, Waffle House respectfully requests that the Court dismiss Plaintiff's claims with prejudice.

WHEREFORE, premises considered, Waffle House respectfully requests that the Court enter summary judgment in its favor and against Plaintiff Amberly Johnson on all claims asserted in the Complaint and dismiss this action with prejudice.

Respectfully submitted,

/s/ Robert E. Battle
―――――――――――――――――――
Robert E. Battle (ASB-7807-T67R)
Michael J. Clemmer (ASB-4005-E68M)
Attorneys for Defendant WAFFLE HOUSE, INC.

**OF COUNSEL:**

**BATTLE FLEENOR GREEN
   WINN & CLEMMER LLP**
The Financial Center
505 North 20th Street
Suite 1150
Birmingham, Alabama 35203
Telephone: (205) 397-8160
Fax: (205) 397-8179
Email: rbattle@bfgwc.com
       mclemmer@bfgwc.com

13

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing has been served on the following counsel of record by electronically filing with the Clerk of the Court using the CM/ECF system and/or placing same in the United States mail, postage prepaid, addressed as follows:

Benjamin H. Parr<br>
Ingrum, Rice & Parr, LLC<br>
410 Second Avenue<br>
Opelika, AL 36801

on this the 6th day of November, 2006.

                                        /s/ Robert E. Battle
                                        OF COUNSEL



# RELEASE
### (PROPERTY DAMAGE ONLY)

Barcode Only

01-6671-846

**For the SOLE CONSIDERATION OF**

(46,429.64)     Fourtysix thousand fourhundred twentynine dollars and sixtyfour cents    Dollars, the receipt and sufficiency of which is hereby acknowledged, the undersigned hereby and forever discharges

GRESHAM, JAMES and/or GRESHAM, JANICE

_____, **their**  , heirs, executors, administrators, agents and assigns and all other persons, firms or corporations liable, or who may be claimed to be liable, none of whom admit liability to the undersigned, but all expressly deny any liability, from any and all claims, demands or suits of any kind on account of and resulting from damage to property caused by an accident which occurred on or about the __1st__ day of _____January_____, (year) __2006__, at or near __907 Fox Run Parkway, Opelika, Alabama__.

Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the damages above mentioned, and for the express purpose of precluding forever any further or additional claims relating to property damage arising out of the aforesaid accident.

Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above.

This release expressly reserves all rights of the parties released to pursue their legal remedies, if any, against the undersigned, agents and assigns.

**This state does not require a fraud statement.**

IN WITNESS WHEREOF, I_____ have hereunto set __my__ hand(s) and __seal__ this __27__ day of __March_____, (year) __2006__.

In the presence of _/s/ Dianne Post_____       Signed X _/s/_____
                    Witness

_____       Signed X _____
       Witness

State Farm's Insurance policies, applications, and required notices are written in English. With the exception of any applicable policy language, this document has been translated into another language for the convenience of our customers. In the event of any difference in interpretation, the English language version will control.

125591.4  Rev. 02-24-2006                Page 1 of 2



EXHIBIT A

# RELEASE



01-6671-846

For the Sole Consideration of

(12,500.00) _____ Twelve Thousand Five hundred __ Dollars

the receipt and sufficiency whereof is hereby acknowledged, the undersigned hereby releases and forever discharges

GRESHAM, JAMES and/or GRESHAM, JANICE

___T__ h __eir__ heirs, executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable, none of whom admit any liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the _____**1st**_____ day of ___January___, (year) __2006__ at or near _____Opelika, Alabama_____.

This release expressly reserves all rights of the parties released to pursue their legal remedies, if any, against the undersigned, their heirs, executors, agents and assigns.

Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

Undersigned hereby accepts draft or drafts as final payment of the consideration set forth above.

**In Witness Whereof,**

___I___ have hereunto set __my__ hand(s) and seal(s) this _____ day of __June__, (year) 2008

In presence of:

__Ashy Smith__   Signed X __Kimberly Johnson__
   Witness

__410 Second Avenue__   Signed X _____
   Address

104077.5   Rev. 08-26-2005

EXHIBIT B