IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMBERLY JOHNSON, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) ) CV 3:06CV559-CSC-E |
| WAFFLE HOUSE, INC., | ) ) ) |
| Defendant. | ) ) ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

COMES NOW the Plaintiff Amberly Johnson, by and through her attorney Benjamin H. Parr, and responds to Defendant's Motion for Summary Judgment as follows:

**INTRODUCTION**

Plaintiff was injured when a James Gresham drove a vehicle into the Waffle House restaurant in Opelika, Alabama, on 1 January 2006. Plaintiff settled with and released the non-party driver and his insurance carrier, State Farm, without filing suit. As part of the settlement, Plaintiff executed a general release in June 2006. Also during June 2006, shortly after settling with the driver and State Farm, Plaintiff filed suit against Defendant Waffle House for failure to adequately protect its business invitees from vehicular traffic. Plaintiff claims that Defendant had a duty to protect its business invitees, breached that duty by failing to take preventative measures to protect said invitees, even after two prior accidents similar to Plaintiff's, and that the breach was a proximate result of Plaintiff's injuries. Plaintiff claims that because of the wanton conduct, a similar accident having occurred twice before and Defendant failing to act, punitive

damages should be assessed against Defendant.

Neither the Plaintiff nor her attorney ever discussed any potential claims against Waffle House with State Farm, nor did Plaintiff have any knowledge of State Farm's property settlement with Waffle House arising out of the incident (See Exhibit "A"). Plaintiff intended to settle and release the insured driver, if possible, and then proceed against Defendant Waffle House because of Defendant's wanton conduct in failing to protect business invitees (See Exhibit "A").

The sole issue raised in Defendant's Motion for Summary Judgment, and therefore the sole issue addressed in this response, is whether Plaintiff's claims are barred by the general release executed in June 2006. As Plaintiff will show, Alabama law clearly indicates that her claims are not barred.

## **STANDARD FOR SUMMARY JUDGMENT**

A summary judgment motion is due to be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Summary Judgment is proper only if the moving party makes a *prima facie* showing that it is entitled to summary judgment. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The manner in which this showing must be made depends on which party will bear the burden of persuasion at trial. If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence that would entitle it to a directed verdict if not controverted at trial. If the moving party makes a *prima facie* showing that there is no genuine issue of material fact and that it is entitled to judgment as a

2

matter of law, then, and only then, the burden shifts to the nonmoving party to rebut the showing by providing substantial evidence as to the existence of a material fact.

The party moving for summary judgment has the burden of showing the absence of a genuine issue as to any material fact, and for this purpose, the material the moving party submits must be viewed in the light most favorable to the opposing party.  See *Clark v. Coats & Clark, Inc.,* 929 F. 2d 604, 606 (11th Cir. 1991).  Unless the moving party meets its summary judgment burden under Fed. R. Civ. P. 56, the obligation of the opposing party does not arise even if no opposing evidentiary material is presented by the party opposing the motion.  See *Id.* at 607.

## STATEMENT OF FACTS

Plaintiff concurs with Defendant's statement of facts, with the additional fact that Plaintiff had no knowledge of the settlement and release between State Farm and Defendant Waffle House.  (See Exhibit "A")

## ARGUMENT

**A.     Defendant Bears the Burden of Proof by Substantial Evidence That It Was a Party Intended to be Released by the Settlement Agreement.**

Under Alabama Law, "[U]nnamed third parties, referred to in the release as 'any and all parties' or by words of like import, who have paid no part of the consideration and who are not the agents, principals, heirs, assigns of, or who do not otherwise occupy a privity relationship with, the named payors, must bear the burden of proving by substantial evidence that they are parties intended to be released." *Pierce v. Orr*, 540 So. 2d 1364, 1367 (Ala. 1989).  Defendant will bear the burden at trial to prove that Defendant Waffle House was intended to be released by State Farm and Plaintiff.  Therefore, under the standard for Summary Judgment, it is Defendant's

3

burden to present credible evidence that Waffle House was a party intended to be released to make a *prima facie* showing that it is entitled to Summary Judgment.

*Pierce* is controlling law in Alabama, and has been distinguished only twice since the decision was issued in 1989. In *Nix v. Henry C. Beck Co.*, the Alabama Supreme Court carefully distinguished cases where a party who had been released was being sued by the releasor under a theory that the release only applied to certain types of claims. *Nix v. Henry C. Beck Co.*, 572 So. 2d 1214. The Court, interpreting a release between **named parties**, held, "In determining if the language of the release is unambiguous, a court must give the words of the release their ordinary meaning, and the release must be given effect according to its terms and the intentions of the parties thereto." *Id.* at 1216.

In *Regional Health Services, Inc. v. Hale County Hosp. Bd.,* the Court, again evaluating a case involving a suit file by a releasor against a releasee, stated, "Our holding today, as it related to the release of "claims," should be distinguished from the holding in our recent case referring to "any and all persons." In *Pierce v. Orr,* 540 So. 2d 1364 (Ala. 1989), we held that unnamed third-parties, referred to in a release as "any and all parties," who had paid no consideration and who do not otherwise occupy a privity relationship with the named payors, bear the burden of proving by substantial evidence that they are parties intended to be released." *Regional Health Services, Inc. v. Hale County Hosp. Bd.,* 565 So. 2d 109, 114 (Ala. 1990).

Every Alabama case cited by Defendant in support of its motion involve a releasor pursuing a claim against a releasee after execution of a release. In those situations, Defendant's assertion of the law regarding the Court ascribing to a release the clear and unambiguous meaning of the words is correct. However, the Alabama Supreme Court has made it clear that the law of releases has moved away from the law of judgments and towards the law of contracts. See

4

*Pierce v. Orr*, 540 So. 2d at 1367. In the instant case, where the suit is against a Defendant that is an unnamed third party, the Defendant cannot rely on the "any and all persons" language of the release to make a *prima facie* showing that it is entitled to summary judgment. Such a reading would ignore Alabama law and the holding of *Pierce*

.

    **B.**    **Defendant Has Provided No Evidence That it Was a Party Intended to be Released by State Farm and Plaintiff**

Defendant has not met its initial burden of production to establish a *prima facie* showing that there is no genuine issue of material fact and that it is entitled to Summary Judgment. Defendant's entire motion is based upon an erroneous statement of Alabama law as applied to this case. Alabama law clearly places the burden of proving that it was a party intended to be released on the Defendant. Defendant cannot rely on the "any and all persons" language of the release and ask the Court to infer that it was a party intended to be released by the parties to the release. See generally *Pierce v. Orr* at 1367.

The Defendant, as the moving party, bears the burden of production to make a *prima facie* showing that there is no genuine issue of material fact and that it is entitled to Summary Judgment. Since Defendant has failed to meet that burden, Plaintiff's obligation under Rule 56 to oppose the motion with substantial evidence showing the existence of a genuine issue of material fact for trial does not arise. See *Clark v. Coats & Clark, Inc.* at 607.

5

**C.      Assuming, *Arguendo*, Defendant Could Make a *Prima Facie* Showing, Plaintiff's Affidavit Presents Substantial Evidence That There is a Genuine Issue of Material Fact as to Whether Defendant Waffle House Was a Party Intended to be Released by the Parties to the Release**

Plaintiff's affidavit clearly shows that it was not her intention to release Defendant Waffle House. There were no discussions between Plaintiff and State Farm regarding Waffle House. Plaintiff filed suit against Defendant Waffle House in the same month she settled with State Farm and Mr. Gresham. Plaintiff, being advised of Alabama law on the issue of general releases, executed the release required by State Farm to settle her claim against tortfeasor Gresham and his insurance company State Farm. Plaintiff had no knowledge of any settlement between Defendant Waffle House and State Farm, nor did State Farm ever indicate that it was acting on behalf of or in any way concerned with Defendant Waffle House. (See Exhibit "A").

## CONCLUSION

Defendant bears the burden of production to make a *prima facie* showing that there is no genuine issue of material fact for trial. The only subject of Defendant's motion for summary judgment is that Plaintiff's claims are barred by the general release she executed in settling with State Farm and tortfeasor Gresham. As Plaintiff has shown, Defendant has not met its burden under Alabama law as set forth in *Pierce* to prove by substantial evidence that it was a party intended to be released by the general release Plaintiff executed. As Defendant has not met its burden of production, the obligation to produce substantial evidence to prove the existence of a genuine issue of material fact does not shift to the Plaintiff. Assuming, *arguendo*, that Defendant could make its required *prima facie* showing, Plaintiff's affidavit clearly establishes that Defendant Waffle House was not a party she intended to release when she executed the general release.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court deny the Defendant's motion for summary judgment and proceed to trial of this case.

Respectfully submitted this the 21st day of November, 2006.

                                            Benjamin H. Parr   //s//_____

                                            Benjamin H. Parr (PAR-112) (ASB-7490-I37P)
                                            Attorney for Plaintiff
                                            **INGRUM, RICE & PARR, LLC**
                                            410 Second Avenue
                                            Opelika, AL 36801
                                            Telephone:  (334) 745-3333

**CERTIFICATE OF SERVICE**

      I do hereby certify that I have on this day delivered a true and correct copy of the foregoing RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND BRIEF IN SUPPORT to the attorneys for the Defendant by filing the same in CM/ECF on this the 21st day of November 2006.

                                          Benjamin H. Parr //s//_____

                                          Benjamin H. Parr
                                          Attorney at Law
                                          410 Second Avenue
                                          Opelika, Alabama 36801
                                          Telephone Number: (334) 745-3333
                                          Facsimile Number: (334) 745-3155