IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMBERLY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:06cv559-CSC |
| | ) WO |
| WAFFLE HOUSE, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

In this action, Amberly Johnson ("Johnson") claims that Waffle House, Inc., acted negligently and wantonly by failing to adequately protect its customers from vehicular traffic. The court has jurisdiction of this action pursuant to its diversity jurisdiction. *See* 28 U.S.C. § 1332. In addition, a federal court sitting in diversity applies state substantive law and federal procedural law. *See Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938).

Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment. Now pending before the court is the defendant's motion for summary judgment filed on November 6, 2006. (Doc. No. 11.) After careful review and consideration of the motion for summary judgment, and the responses and the evidentiary material filed in support of and in opposition to the motion, the court concludes that the defendant's motion for summary judgment is due to be denied.

## SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[1] The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

The movant may meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324. If the movant succeeds in demonstrating the absence of a material issue of fact, the burden shifts to the non-movant to establish, with evidence beyond the pleadings, that a

---

[1] In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the court stated:

"[Where the nonmoving party will bear the burden of proof at trial on a dispositive issue...Rule 56(e)...requires the nonmoving party to go beyond the pleadings and by...affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate "specific facts showing that there is a genuine issue for trial. . . .We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment...Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves. . . .

*Id.* at 324.

genuine issue material to the non-movant's case exists. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993); *see also* FED. R. CIV. P. 56(e). ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial."). What is material is determined by the substantive law applicable to the case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

A dispute of material fact "is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must present "affirmative evidence" of material factual conflicts to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. *See Holifield v. Reno*, 115 F.3d 1555, 1564 n. 6 (11th Cir. 1997); *Harris v. Ostrout,* 65 F.3d 912 (11th Cir. 1995).

However, if there is a conflict in the evidence, "the [non-movant's] evidence is to be believed and all reasonable inferences must be drawn in his favor." *Anderson*, 477 U.S. at 255; *Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there remains no genuine issue of material fact and the moving

party is entitled to judgment as a matter of law FED. R. CIV. P. 56(c). With these principles of law in mind, the court will determine now whether summary judgment is appropriate and should be granted.

## FACTS[2]

Johnson's celebration of the New Year in the small city of Opelika, Alabama, was more than uneventful. On January 1, 2006, Johnson celebrated New Year's Day by dining at the local Waffle House. (Johnson's Affid., p. 1.) While Johnson was enjoying her meal, a car crashed through the building. (*Id*.) As a result of the car accident, Johnson suffered injuries and missed two months of work. (*Id*.)

The driver's insurance company, State Farm Mutual Automobile Insurance Company ("State Farm"), subsequently began settlement negotiations with Waffle House for property damage caused by the driver's vehicle and with Johnson for injuries she sustained during the accident. On March 27, 2006, State Farm paid Waffle House approximately $46,000 in exchange for entering into a general release of liability against the driver and other potentially liable persons or corporations. (Doc. No. 11, Ex. A.)

The following month, State Farm entered into a settlement agreement with Johnson. As part of the agreement, State Farm paid Johnson $12,500.00 in exchange for signing a release, which stated in pertinent part:

> . . . [T]he undersigned hereby releases and forever discharges
> GRESHAM, JAMES and/or GRESHAM, JANICE, their heirs,

---

[2] On a motion for summary judgment the court must construe the facts in the light most favorable to the non-movant. *See, e.g. Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990).

4

>executors, administrators, agents and assigns, and all other persons, firms or corporations liable or, who might be claimed to be liable, none of whom admit liability to the undersigned but all expressly deny any liability, from any and all claims, demands, damages, actions, causes of action or suits of any kind or nature whatsoever, and particularly on account of all injuries, known and unknown, both to person and property, which have resulted or may in the future develop from an accident which occurred on or about the 1st day of January, 2006 at or near Opelika, Alabama.
>
>This release expressly reserves all rights of the parties released to pursue their legal remedies, if any, against the undersigned, their heirs, executors, agents and assigns.
>
>Undersigned hereby declares that the terms of this settlement have been completely read and are fully understood and voluntarily accepted for the purpose of making a full and final compromise adjustment and settlement of any and all claims, disputed or otherwise, on account of the injuries and damages above mentioned, and for the express purpose of precluding forever any further or additional claims arising out of the aforesaid accident.

(Doc. No. 11, Ex. B.)   Shortly after entering into the settlement agreement with State Farm, Johnson filed this lawsuit against Waffle House.[3]  (Doc. No. 1.)

## DISCUSSION

The sole issue before the court is whether the general release, which purports to release "all other persons, firms or corporations liable or, who might be claimed to be liable," validly discharged Waffle House, an unnamed third party, from any and all claims with respect to this lawsuit.

In *Pierce v. Orr*, 540 So.2d 1364 (Ala. 1989), the Alabama Supreme Court determined

---

[3] Johnson filed her complaint on June 22, 2006.  (Doc. No. 1.)

that contracts of release must have effect according to their terms and the intentions of the parties. Specifically, the court held:

> Henceforth, unnamed third-parties, referred to in the release as "any and all parties" or by words of like import, who have paid no part of the consideration and who are not the agents, principals, heirs, assigns of, or who do not otherwise occupy a privity of relationship with, the named payors, must bear the burden of proving by substantial evidence that they are parties intended to be released, *i.e.*, that their release was within the contemplation of the named parties to the release.

*Id.*, at 1367. Thus, Waffle House must prove by substantial evidence that it was a party intended to be released by the general release between Johnson and State Farm. *See Green v. Wedowee Hospital*, 584 So. 2d 1309, 1314 (Ala. 1991); *Ford Motor Co. v. Neese*, 572 So. 2d 1255, 1257 (Ala. 1990).

First, Waffle House argues that the unambiguous terms of the release itself should bar Johnson from bringing forth any claims related to the accident at issue. (Doc. No. 11, p. 11-12.) Alabama law, however, provides that both the terms of the agreement and the intentions of the named parties to the settlement agreement must be considered. *See, e.g.*, *Pierce*, 540 So. 2d at 1367; *Ford Motor Co.*, 572 So. 2d at 1257-58 (rejecting Ford's argument that the intentions of the parties to the settlement agreement must be determined from the unambiguous terms of the release itself).

Secondly, Waffle House argues that the circumstances in this case demonstrate that State Farm and Johnson intended for it to be released from liability in this case. Specifically, the defendant contends that the terms of the release indicating that all corporations were

discharged from liability coupled with State Farm's settlement negotiations with Waffle House for property damage, as well as Johnson's and State Farm's knowledge that the accident occurred at the restaurant, are circumstantial evidence that the named parties intended to release Waffle House from liability. (Doc. No. 11, p. 11.) Johnson, however, alleges that neither she nor her attorney discussed any potential claims against Waffle House with State Farm and that she had no knowledge of a property settlement between State Farm and Waffle House. (Doc. No. 13, Ex. A, Johnson's Affid., p. 1.) She further alleges that, when she entered into the agreement with State Farm, her intentions were to release the insured driver and then proceed against Waffle House for its failure to protect its customers from vehicular traffic. (*Id*.) Consequently, the court concludes that there are genuine issues of fact regarding whether Waffle House was a party intended to be released by the general release between Johnson and State Farm. This disputed issue precludes summary judgment.

## CONCLUSION

Accordingly, for the reasons as stated and for good cause, it is

ORDERED that the defendant's motion for summary judgment be and is hereby DENIED. (Doc. No. 11.)

Done this 10th day of January, 2007.

　　　　　　　　　　　　　　/s/Charles S. Coody
　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　CHIEF UNITED STATES MAGISTRATE JUDGE