IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMBERLY JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) CV 3:06CV559-CSC-E |
| WAFFLE HOUSE, INC., | ) |
| Defendant. | ) |

## MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF'S WANTONNESS CLAIM

**COMES NOW** Defendant, Waffle House, Inc. ("Defendant" or "WHI"), by and through its undersigned counsel, and moves the Court to enter summary judgment in its favor and against Plaintiff Amberly Johnson ("Plaintiff") pursuant to Federal Rule of Civil Procedure Rule 56, on the grounds that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law on Plaintiff's claim for wantonness. This motion is based on the pleadings, deposition testimony, documentary evidence, and WHI's Brief in Support of Motion for Summary Judgment on Plaintiff's Wantonness Claim filed contemporaneously herewith as well as the following statement of undisputed facts:

### NARRATIVE SUMMARY OF UNDISPUTED FACTS

1. On January 1, 2006, Plaintiff alleges she and her boyfriend drove to WHI Unit #805 in Opelika, Alabama, to place a to-go order. (See Tab 3, Amberly Johnson deposition, p. 20, lines 18-23, p.21 , lines 1-16). Plaintiff had eaten at Unit #805 a number of times prior to that date. (Id. at p. 22, lines 15-20).

2. Upon entering the restaurant, Plaintiff paid for her order and she and her boyfriend, William Dowdell ("Mr. Dowdell"), waited at the high counter of the restaurant on their meals. (Id. at p. 21, lines 2-16, p. 22, lines 3-9, p. 26, lines 15-23, p. 27, lines 1 - 3).

3. Shortly after she paid for her meal, a vehicle driven by Mr. Gresham collided with front the restaurant and penetrated the exterior wall. The car came to rest once it struck the counter inside the restaurant. As aptly described by Plaintiff, Mr. Gresham is an "elderly man" who traveled with a wheelchair lift on the rear of his vehicle. (Id. at p. 26, lines 19-23, p. 27, lines 1-3, 17-23, p. 28 line 1).

4. Mr. Gresham became confused between the vehicle's brake and gas pedals, mistakenly applying the gas when he should have engaged the brake pedal. (See Tab 1, Alabama Uniform Traffic Accident Report). Mr. Gresham's car popped a concrete barrier between his parking space and the restaurant, then popped the curb and proceeded to smash through the front of the restaurant. (Id.; Tab 6, Tom Carlson deposition, p. 39, lines 10-14; Tab 7, Pictures of Accident Scene).

5. As Mr. Gresham's vehicle entered the restaurant, the passenger side of the car "brushed" Plaintiff's leg. Plaintiff admits the vehicle did not "smash" her leg, rather it only "brushed" her leg. (See Tab 3, Amberly Johnson deposition, p. 30, lines 15-23, p. 31, lines 1-2). Plaintiff claims the resulting damage from the "brushing" was "bruising" to her leg. (Id. at. p. 31, lines 13-19, p. 32, lines 10-15).

6. According to an eyewitness, Mr. Gresham's tires remained spinning and smoking after the vehicle came to stop against the rear of building as Mr. Gresham continued to apply the gas. (See Tab 2, Anthony Woodham deposition, p. 17, lines 14-17).

7. Plaintiff was the only person injured as a result of the incident. No other personal injuries were sustained by patrons or WHI employees. (See Tab 3, Amberly Johnson deposition, p. 47, lines 18-20).

8. Immediately following the vehicle's intrusion into the restaurant, an ambulance was called. Upon its arrival, Plaintiff refused treatment by the paramedics and refused to be taken to the hospital in the ambulance, opting instead for her boyfriend to drive her to the hospital. (Id. at. p. 47, lines 1-9, p. 48, lines 15-23). When she arrived at the hospital, Plaintiff was evaluated and released a short time later. (Id. at. p. 52, lines 9-23, p. 53, lines 1-9).

9. After leaving the hospital, Plaintiff and Mr. Dowdell traveled to another WHI restaurant and requested the meals they had ordered at Unit #805 a few hours earlier. They received the food and traveled to Plaintiff's residence where the two consumed the meals. (Id. at p. 54, lines 12-23, p. 55, lines 1-23, p. 56, lines 1 -11).

10. A short time after the incident, Plaintiff made a claim against Mr. Gresham through his liability insurer, State Farm. Plaintiff's claims against Mr. Gresham were settled, pre-suit, for $12,500.00. (Id. at p. 80, lines 15-23, p.81, lines 1-19).

11. After accepting the settlement payment and executing a release in favor of Mr. Gresham, Plaintiff sued WHI, alleging that it negligently and/or wantonly failed to provide adequate protection from vehicular traffic in its restaurant. (See Complaint at ¶ 5).

12. However, as demonstrated by the Declaration of WHI employee and Division Manager Tom Carlson, prior to January 1, 2006, Unit #805 had never encountered a situation wherein a vehicle had collided with an exterior wall of the restaurant and actually penetrated the building. (See Tab 4, Carlson Declaration).

13. As a Division Manager, Mr. Carlson supervises managers of a number of WHI restaurants. Included in those restaurants is WHI Unit #805. Unit #805 has been a part of Mr. Carlson's management territory for eleven (11) years. (Id. at ¶ 3).

14. While he was not present at Unit #805 at the time of incident in question, Mr. Carlson is aware of the January 1, 2006, incident involving Mr. Gresham's vehicle and the allegedly minor physical injuries to Plaintiff. (Id. at ¶ 4).

15. Prior to the January 1, 2006, incident involving Plaintiff, Mr. Carlson is not aware of any occasion wherein a vehicle penetrated an exterior wall of Unit #805. (Id. at ¶ 5).[1]

16. Mr. Carlson is aware of two occasions wherein vehicles have struck the exterior of Unit #805; however, on neither of those two occasions did the offending vehicle penetrate the exterior walls of the restaurant. Further, neither of these two incidents resulted in any physical injuries to patrons or employees, whether inside or outside the restaurant. (Id. at ¶ 6).

17. The first collision Mr. Carlson is aware of occurred in 2004. On that occasion, a customer mistakenly left her car running when she entered the restaurant to receive a to-go order. The car remained in gear, jumped over the concrete barrier between the restaurant and the parking space, popped the sidewalk curb and bumped into the restaurant. The car did not penetrate the exterior wall of restaurant. No patrons or employees inside or outside the restaurant were harmed. A portion of the exterior wall required superficial repair after this incident. (Id. at ¶ 7).

---

[1] As Division Manager, Mr. Carlson has no "office" as he is constantly working in the restaurants that he supervises. He would be made aware of any vehicle strike incident occurring at his restaurants that causes any property damage or personal injury. Similarly, no structural repairs take place at his restaurants of which he is unaware. (Id. at ¶ 9).

18. On the second occasion, which Mr. Carlson believes occurred in 2001, a large medical transportation truck was backing into a parking space and struck the awning of the restaurant due to the excessive height of the vehicle. As a result of the incident, a portion of the awning needed repair and the canopy covering the awning was replaced. No patrons or employees inside or outside the restaurant were harmed. (Id. at ¶ 8).

19. Interestingly, Mr. Dowdell, Plaintiff's now former boyfriend, contends Plaintiff has no continuing physical aliments resulting from the incident and further believes she has already been compensated for her alleged injuries through her settlement with Mr. Gresham's liability carrier. (See Tab 5, William Dowdell deposition, p. 60, lines 7-23, p. 61, lines 1-3).

**WHEREFORE, PREMISES CONSIDERED,** Defendant Waffle House, Inc. respectfully request that the Court enter partial summary judgment in its favor and against Plaintiff, Amberly Johnson, on her claim for wantonness in this action.

Respectfully submitted,

/s/Robert E. Battle
Robert E. Battle (ASB-7807-T67R)
Michael J. Clemmer (ASB-4005-E68M)
Attorneys for Defendant WAFFLE HOUSE, INC.

**OF COUNSEL:**

**BATTLE FLEENOR GREEN
  WINN & CLEMMER LLP**
The Financial Center
505 North 20th Street
Suite 1150
Birmingham, Alabama 35203
Telephone: (205) 397-8160
Fax: (205) 397-8179
Email: rbattle@bfgwc.com
       mclemmer@bfgwc.com

5

**CERTIFICATE OF SERVICE**

    I hereby certify that on September 18, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Benjamin H. Parr
INGRUM, RICE & PARR, LLC
410 Second Avenue
Opelika, AL 36801

    And, I hereby certify that I have mailed by United States Postal Service the document to the following non- CM/ECF participants: **None**

    /s/ Robert E. Battle
    OF COUNSEL