# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMBERLY JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CV 3:06CV559-CSC-E |
| WAFFLE HOUSE, INC., | ) ) |
| Defendant. | ) ) |

## DECLARATION OF THOMAS E. CARLSON

I, Thomas E. Carlson, declare as follows:

1. My name is Thomas E. Carlson. I am over the age of twenty-one (21) years. This declaration is made by me for use in the above-styled lawsuit and it is based on my personal knowledge.

2. I am a resident of the State of Alabama.

3. I am employed by Waffle House, Inc. ("WHI") as a Division Manager. As a part of my employment responsibilities, I supervise managers of a number of WHI restaurants. Included in those restaurants is WHI Unit #805 in Opelika, Alabama. Unit #805 has been a part of my management territory for eleven (11) years.

4. I am aware of Amberly Johnson's lawsuit filed against WHI concerning an incident at WHI Unit #805 wherein a customer's vehicle penetrated an exterior wall of the restaurant, allegedly resulting in minor physical injuries to Ms. Johnson. This incident took place on or about January 1, 2006.

5. Prior to the January 1, 2006, incident involving Ms. Johnson, I am not aware of any occasion wherein a vehicle collided with and penetrated an exterior wall of Unit #805.

6. I am aware of two occasions wherein vehicles struck the exterior of Unit #805; however, on neither of those two occasions did the offending vehicle penetrate the exterior walls of the restaurant. Further, neither of these two incidents resulted in any physical injuries to patrons or employees, whether inside or outside the restaurant.

7. The first collision I am aware of occurred in 2004. On that occasion, a customer mistakenly left her car running when she entered the restaurant to receive a to-go order. The car remained in gear, jumped over the concrete barrier between the restaurant and the parking space, popped the sidewalk curb and bumped into the restaurant. The car did not penetrate the exterior wall of restaurant. No patrons or employees inside or outside the restaurant were harmed. A portion of the exterior wall required superficial repair after this incident.

8. On the second occasion, which I believe occurred in 2001, a large medical transportation truck was backing into a parking space and struck the awning of the restaurant due to the excessive height of the vehicle. As a result of the incident, a portion of the awning needed repair and the canopy covering the awning was replaced. No patrons or employees inside or outside the resturant were harmed.

9. As Division Manager, I have no "office" and am constantly working in the restaurants that I supervise. I would be made aware of any vehicle strike incident occurring at my restaurants that causes any property damage or personal injury. Similarly, no structural repairs take place at my restaurants of which I am unaware.

I DECLARE THAT THE DECLARATION ABOVE IS TRUE AND CORRECT UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES THAT THE FOREGOING IS TRUE AND CORRECT.

Dated this 17TH day of September, 2007.

_____
THOMAS E. CARLSON