# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **AMBERLY JOHNSON,** | ) |
| | ) |
|     **PLAINTIFF,** | ) |
| | ) |
| V. | ) CIVIL ACTION 3:06CV559-CSC-E |
| | ) |
| | ) |
| **WAFFLE HOUSE, Inc.,** | ) |
| | ) |
|     **DEFENDANT.** | ) |

### PLAINTIFF'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON WANTONNESS CLAIM

COMES NOW the Plaintiff, *AMBERLY JOHNSON*, by and through her attorney Benjamin H. Parr, and files this brief in support of her response to the Defendant's Motion for Partial Summary Judgment:

### INTRODUCTION

This case involves the alleged failure of Waffle House, Inc., to protect its business invitees from the danger of automobiles crashing into the restaurant. On 1 January 2006, a vehicle driven by James Gresham "jump[ed] into the air crashing into the building." (Exhibit 'A', Alabama Uniform Traffic Accident Report). Plaintiff was a business invitee of Waffle House, Inc., at the time of the incident. The Plaintiff suffered injuries to her leg as a result of the incident. (Exhibit 'B', Plaintiff's deposition, pp. 31-35). Waffle House Unit # 805 had been struck by vehicles twice in the recent past, including a similar incident in the exact same spot where a car jumped the curbstop but did not

penetrate the building.  Plaintiff contends that Waffle House, Inc., knew or should have known of the danger to its business invitees and had a duty to protect its customers from the same.  Plaintiff further alleges that Waffle House consciously omitted this known duty, and such omission produced Plaintiff's injury.

## SUMMARY OF FACTS

1. On 1 January 2006, while Plaintiff was a customer at Waffle House # 805, Opelika, Alabama, a car driven by James Gresham jumped the curbstop and crashed into the restaurant.  (Exhibit 'A').

2. As a result of this incident, Plaintiff suffered physical injuries.  (Exhibit 'B', PP. 31-35).

3. Waffle House # 805 had been struck at least twice in the recent past by vehicles, with one incident in the same location as the subject incident.  While the vehicle in this prior incident did not penetrate the building, it did cause damage to the brown panel storefront.  (Exhibit 'C', Deposition of Tom Carlson, PP. 33-46).

4. After the prior incident, Waffle House took no action to prevent a similar incident from occurring.  (Id.).

5. The Defendant has refused to provide in discovery any information relating to similar incidents at other locations.  (Exhibit 'D', Defendant's Objections to Plaintiff's Notice of Deposition).  Plaintiff has attempted to resolve this issue with the Defendant, and received notification at 9:49 a.m. on 3 October 2007

      that Defendant would, in fact, provide no information on any other location than Waffle House # 805.

6. Concrete bollards, such as those Plaintiff alleges should have been installed between the parking spaces and the dining area, are installed at Waffle House # 805 to protect the mechanical room and garbage dumpster. (Exhibit 'E', Plaintiff's Expert Witness Report, P. 8).

7. Installation of concrete bollards between the parking area and the restaurant would have prevented Mr. Gresham's car from penetrating the building. (Id., P. 3).

8. In contradiction to Defendant's motion and the deposition of Anthony Woodham, another witness testified that the wheels were not still spinning and that Mr. Gresham did not push the gas very hard. He testified that the vehicle came through slowly. (Exhibit 'F', Deposition of William Dowdell, P. 36-37).

## **STANDARD FOR SUMMARY JUDGMENT**

A summary judgment motion is due to be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). Summary Judgment is proper only if the moving party makes a *prima facie* showing that it is entitled to summary judgment. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court must view the evidence in the light most favorable to the non-moving

party. *Scott v. Villegas*, 723 So. 2d 642 (Ala. 1998); *Givahn v. Electronic Engineers, Inc.,* 975 F. Supp. 1450 (M.D. Ala. 1997).

## ARGUMENT

When seeking punitive damages, wantonness is defined in Alabama as "conduct which is carried on with a reckless or conscious disregard of the rights or safety of others." *Code of Alabama §* 6-11-30. Wantonness is further defined as "the conscious doing of some act or omission of some duty under knowledge of existing conditions and conscious that from the doing of such act or omission of such duty an injury will likely or probably result." *Alabama Pattern Jury Instructions* 29.00. Therefore, if the Defendant "consciously omitted some known duty which produced the injury," the Defendant could be found guilty of wanton conduct. *See Id.*

The Defendant focuses on the allegation that there has never been a similar **injury-producing incident** at Waffle House # 805. The Defendant has refused to provide evidence regarding similar incidents at other restaurants it owns and operates. *See* Exhibit 'B'. However, a similar incident did occur at Waffle House # 805, and Defendant took no action to prevent a subsequent or worse incident from occurring. In fact, after the most similar incident, where an unoccupied car jumped the curbstop and struck the building, there were apparently no meetings or discussions regarding how to prevent a similar incident from occurring. (*See* Exhibit 'C').

Interestingly, Waffle House, Inc., has installed concrete bollards around the mechanical room and garbage can at Waffle House # 805. (Exhibit 'E' P. 8). While Waffle House is certainly entitled to protect its property, the installation of such bollards is evidence that the Defendant had knowledge that such devices are useful in protecting

from vehicular traffic, and the jury could determine that such bollards should have been used to protect the dining area as well as the mechanical room and garbage can. Plaintiff's expert has reported that concrete bollards could have been placed between the parking area and the sidewalk to prevent any vehicle from coming through the glass panels, which provided "no resistance to a vehicle with any speed coming from outside into the building." (Exhibit 'E' P. 3).

While Waffle House has declined to disclose any similar incidents at other locations, the previous incident at Waffle House # 805 put the Defendant on notice that an incident could occur where a car jumps the curbstop and crashes into the building. The logical step from an unoccupied car crashing into the building and destroying a panel to a car penetrating the building is a small one, and Plaintiff contends that the Defendant should have anticipated such probability and protected its customers. Further, Plaintiff expects to show that similar concrete bollards have been installed at other locations, indicating Defendant's knowledge of its duty to protect. Evidence of bollards at other locations and evidence of similar incidents at other locations may be provided after depositions (which will occur after the Court's ruling on the Plaintiff's forthcoming motion to compel discovery).

Summary judgment is due to be granted only when the non-moving party fails to prevent substantial evidence that a material question of fact exists, when such evidence is viewed in the light most favorable to the non-moving party. The Alabama Supreme Court has held, "The actor's knowledge may be proved by showing circumstances from which the fact of knowledge is a reasonable inference; it need not be proved by direct evidence. *Scott v. Villegas*, 723 So. 2d 642, 643, citing *Hamme v. CSX Transp., Inc.,* 621

So. 2d 281, 283 (Ala. 1993). While the Defendant has refused to provide discoverable information that may shed more light on its knowledge of the possibility of this type incident, the previous similar incident at Waffle House # 805 provides ample evidence, when viewed in the light most favorable to the Plaintiff, from which the jury could reasonably infer knowledge of its duty to protect from this type of incident.

## CONCLUSION

When viewed in the light most favorable to the Plaintiff, the Plaintiff has presented substantial evidence from which a jury could determine that the Defendant is guilty of wantonness. While the Plaintiff expects to have additional evidence after the conclusion of depositions for presentation at trial, the evidence adduced to the Court warrants a denial of Defendant's motion. WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's motion for partial summary judgment.

Respectfully submitted this the 3rd day of October 2007.

    _//s// Benjamin H. Parr_____
Benjamin H. Parr (ASB-7490-I37P)
Attorney for Plaintiff

Benjamin H. Parr
Ingrum, Rice, & Parr, LLC
410 Second Avenue
Opelika, AL 36801
(334) 745-3333
(334) 745-3155

**CERTIFICATE OF SERVICE**

      I do hereby certify that I have on this day delivered a true and correct copy of the foregoing BRIEF to the attorney for the Defendant, Hon. Robert Battle, filing with the CM/ECF electronic filing system.

                                                          __//s// Benjamin H. Parr__
                                                          Benjamin H. Parr
                                                          Attorney at Law
                                                          410 Second Avenue
                                                          Opelika, Alabama 36801
                                                          Telephone Number: (334) 745-3333
                                                          Facsimilie number:  (334) 745-3155