IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMBERLY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 3:06 CV559-CSC-E |
| ) | |
| WAFFLE HOUSE, INC., ) | |
| Defendant. ) | |

**MOTION TO COMPEL**

Comes Now the Plaintiff in the above styled cause, by and through her attorney, Benjamin H. Parr, and moves this Honorable Court to Compel the Defendant, Waffle House, Inc., to disclose information requested at deposition pursuant to Plaintiff's Notice of Deposition, and as grounds for such would show unto the Court the following:

1. On or about the 24th day of August 2007, Plaintiff served Waffle House, Inc., a notice of taking deposition duces tecum pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. Such notice is attached to this Motion and is marked "Exhibit A". On or about the 11th day of September 2007, Waffle House, Inc., filed responses and objections to the notice of taking deposition duces tecum; such notice is attached to this Motion and is marked "Exhibit B".

2. Counsel for the parties have discussed at length the appropriate scope of the corporate deposition in attempt to resolve these conflicts without submitting this Motion to the Court. Counsel for the parties have been unable to resolve the conflict. On the 3rd day of October 2007 at 9:49am,

        counsel for the Plaintiff received an email from counsel for the Defendant stating that the Defendant had determined it would not provide any information on any Waffle House Restaurant other than Waffle House Restaurant #805.

3. Defendant has filed a Motion to Dismiss Plaintiff's Wantonness claim based on lack of the Defendant's knowledge of the potential danger of incidents such as the incident in this case. Plaintiff's discovery requests are reasonably calculated to lead to discoverable information regarding the extent of the Defendant's knowledge of the possibility of an incident similar to the one at issue in this case, an issue central to Plaintiff's wantonness claim.

4. The specific issues for the Court's consideration are the following, which are identified in the order in which they appear in Defendant's responses and objections.

        2. **Any records of previous, similar incidents at any Waffle House restaurants**. Waffle House has objected on the grounds that this request is not limited in geographic or temporal scope. Plaintiff contends that Defendant's knowledge of the possibility of such an incident is precisely the issue in this case, and thus an objection by the Defendant to providing any information regarding any restaurant other than Waffle House Restaurant #805 is an unreasonable objection. Clearly, if defendant Waffle House Inc. had knowledge of a similar

incident at another Waffle House Restaurant, such information would be relevant to its knowledge of the possibility of this type of incident occurring.

4. **Any corporate records, rules, suggestions, plans, etc. regarding the design of new restaurants and their parking lots**. Waffle House Inc. has made a similar objection regarding to the geographical or temporal scope.  Plaintiff seeks to determine whether or not Waffle House, Inc., as a corporate defendant, has any rules or regulations that would require the installation of concrete bollards between the parking lots and the restaurants.  As any casual observer can determine by visiting a Waffle House restaurant, said bollards are installed at the newer restaurants, and Plaintiff wishes to determine whether or not Waffle House, Inc., has made a corporate determination that such bollards are necessary for the safety and protection of their customers.  If so, failure to install bollards at existing restaurants would be relevant evidence to present to the Jury on whether or not the defendant acted wantonly.

5. **Company policies regarding installation of safety barriers between restaurants and their parking lots.**  The issue addressed in number five is substantially similar to that addressed in number four, and Plaintiff adopts and incorporates all arguments made in relation to Defendant's objection number four.

5. Defendant has also made specific objections to areas of testimony. The only issue Plaintiff wishes the court to address with regard to these objections is the Defendant's objection to failure to limit testimony in geographic and temporal scope. Waffle House, Inc., contends that it is only required to disclose information regarding the particular Waffle House Restaurant, Unit #805, that is the subject of this lawsuit. Waffle House, Inc., is a corporate defendant, and thus any knowledge of the corporation regarding the possibility or probability of an incident similar to this one occurring would be relevant to the Plaintiff's wantonness claim.

6. Plaintiff understands that specific questions have not yet been posed for the Court's consideration and readily acknowledges that such consideration maybe necessary in the future. Counsel for the parties have conferred and determined that in the interest of judicial economy, and conservation of the party's financial resources, it would be appropriate to address this issue prior to the beginning of the corporate deposition. Defendant's corporate representative is located out of state, and it will require expense for both the Plaintiff and Defendant to travel and conduct the deposition. Therefore, a preliminary ruling from the Court on whether it is permissible at all to explore the areas of testimony requested by the Plaintiff would be helpful to the parties. The request Plaintiff makes of the court is for a preliminary determination about whether defendant's general objection to providing any information about previous incidents,

      site design and safety, etc., at other Waffle House Restaurants is a valid objection. Plaintiff contends that substantially similar incidents and site design and safety plans of the company at other Waffle House Restaurants are relevant and potentially admissible on the issue of the Defendant's knowledge of its duty to protect, and thus relevant on Plaintiff's wantonness claim.

7. Once the requested determination is made, Plaintiff and Defendant will schedule the corporate deposition. At that point, if detailed questions are objected to, such may be submitted to the Court for a specific determination.

8. Plaintiff wishes to add that she has no objection to any of the disclosed information being made subject to a Rule 26 Protective Order, prohibiting disclosure to any one not involved in this case.

**WHEREFORE, Plaintiff respectfully requests that this Court Compel the Defendant, Waffle House, Inc., to disclose the requested information regarding previous incidents, site design, and safety plans, etc., at other Waffle House Restaurant locations; while reserving the Court's right to make subsequent determinations on specific questions posed to the Defendant at deposition.**

Respectfully submitted this the 9th day of October 2007.

                                                                           __//s// Benjamin H. Parr_____
                                                                           Benjamin H. Parr (ASB-7490-I37P)
                                                                           Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

      I do hereby certify that I have on this day delivered a true and correct copy of the foregoing Motion to Compel to the attorney for the Defendant by electronic filing on this the 9th day of October 2007.

                                                //s// Benjamin H. Parr
                                                Benjamin H. Parr
                                                Ingrum, Rice & Parr, LLC
                                                410 Second Avenue
                                                Opelika, Alabama 36801
                                                Telephone Number: (334) 745-3333
                                                Facsimile Number: (334) 745-3155
                                                irp@bellsouth.net

Hon. Robert Battle, &
Hon. Michael Clemmer
Battle, Fleenor, Green, Winn, & Clemmer, L.L.P.
1150 Financial Center
505 20th Street N.
Birmingham AL 35203-2605