"EXHIBIT B"

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMBERLY JOHNSON, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>WAFFLE HOUSE, INC., )<br>)<br>Defendant. ) | CV 3:06CV559-CSC-E |

### WAFFLE HOUSE, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S NOTICE OF TAKING DEPOSITION DUCES TECUM OF WAFFLE HOUSE, INC.

**COMES NOW** Waffle House, Inc. ("Waffle House"), by and through their undersigned counsel, and serves its response and objections to the Deposition Notice of Waffle House, Inc., including the Request for Production of Documents, therein served by Plaintiff Amberly Johnson ("Plaintiff") as follows:

### GENERAL OBJECTIONS

1. Waffle House objects to the discovery requests to the extent that they, individually or cumulatively, purport to impose on Waffle House duties and obligations beyond those permitted by the Federal Rules of Civil Procedure.

2. Waffle House reserves all objections as to the competency, relevancy, materiality and admissibility of all of its documents or information of the subject matter thereof, all objections as to burden, vagueness, over breath and ambiguity, and all rights to object on any ground to the use of any document or information, or the subject matter thereof, in any subsequent proceeding, including without limitation the trial of this or any other action.

3. Waffle House objects to the requests on the grounds that same are overbroad, vague, ambiguous, unduly burdensome or fail to specify the information or documents sought

**"EXHIBIT B"**

with reasonable particularity, and to the extent that they seek information or documents that are not relevant to the subject matter of this action or reasonably calculated to lead to the discovery of admissible evidence or are otherwise outside the scope of discovery permitted by the Federal Rules of Civil Procedure.

4. Waffle House objects to the requests to the extent that they purport to require Waffle House to produce documents or provide information outside its possession, custody or control.

5. Waffle House objects to the requests to the extent that they are repetitive and/or substantially overlap with other requests or require Waffle House to provide the same information or document more than once, on the ground that such duplicative disclosure is unduly burdensome.

6. Waffle House objects to the requests to the extent that they seek documents or information that constitute or disclose confidential, personal or business information. Waffle House objects to the requests to the extent that they require Waffle House to violate any applicable contractual obligations and duties to third parties.

7. Waffle House objects to the requests to the extent that they require Waffle House to produce information or documents that were prepared for or in anticipation of litigation, constitutes attorney work product, are protected by the attorney-client privilege, constitutes or discloses the mental impressions, conclusions, opinions, or legal theories of any attorney or other representative of defendants concerning those or any other litigation, or is protected by any other applicable privilege, statute, rule or immunity. Such information will not be produced, and any inadvertent production shall not be deemed a waiver of any privilege with respect to such information or of any work product doctrine which may apply.

**"EXHIBIT B"**

8. The specific responses of Waffle House to Plaintiff's requests made now or in the future are based upon information now available to Waffle House and Waffle House reserves the right at any time to revise, correct, add to, or clarify these objections or responses now made or made hereinafter to Plaintiff's requests.

9. Any response or objection to any or all of the request do not mean necessarily that any information or documents exist or are in Waffle House's possession, custody or control that are responsive to any specific request.

10. In each and every response, or sub-part thereof where Waffle House interposes an objection, such objection shall be construed to preserve all of Waffle House's rights to enter similar objections as to any future supplemental response to such request. Moreover, a failure to object herein shall not constitute a waiver of any objection that Waffle House may interpose as to any future supplemental answer or response.

11. Waffle House's objections and responses to the requests are made expressly without in any way waiving or intending to waiver, but, rather, to the contrary, preserving and intending to preserve:

    A. All questions as to the competence, relevance, materiality, privilege, admissibility as evidence, or use for any purpose of the documents or information, or the subject matter thereof in any aspect of this or any other action, arbitration, proceeding, or investigation.

    B. The right to object on any ground to the use of any such document or information, or the subject matter thereof in any aspect of this or any other action, arbitration, proceeding, or investigation.

## "EXHIBIT B"

C. The right to object at any time to a demand for any further response to this or any other request to produce.

D. The right at any time to revise, supplement, correct or clarify these objections and responses.

## SPECIFIC OBJECTIONS AND RESPONSES TO REQUEST FOR PRODUCTION

**REQUEST:**

1. Any records of this incident.

**RESPONSE:**

Waffle House objects to this request to the extent it seeks documents which are protected by the attorney/client privilege, the work product doctrine, or any other applicable privilege. Waffle House further objects to this request to the extent it seeks documents which are confidential or proprietary in nature. Without waiving these objections, Waffle House will produce non-privileged documents responsive to this request and will produce non-privileged documents which are confidential subject to a mutually agreeable confidentiality agreement and protective order.

**REQUEST:**

2. Any records of previous, similar incidents at any Waffle House Restaurant.

**RESPONSE:**

Waffle House objects to this request because it is overly broad, unduly burdensome, is not reasonably limited in geographic or temporal scope, and seeks documents and information not reasonably calculated to lead to the discovery of admissible evidence. Further, Waffle House objects to this request because the term "Similar" is not defined and is therefore ambiguous. Additionally, Waffle House objects to this request to the extent it seeks documents which are protected by the attorney/client privilege the work product

"EXHIBIT B"

doctrine, or which are confidential in nature. Without waiving these objections, Waffle House will produce any non-privileged documents relating to prior incidents of vehicles striking the Waffle House restaurant at issue in this lawsuit during the two years prior to the accident at issue and will produce non-privileged documents which are confidential subject to a mutually agreeable confidentiality agreement and protective order.

REQUEST:

3. Any site plans, blueprints, etc., for this Waffle House Restaurant.

RESPONSE:

To the extent such documents exist and are in Waffle House's possession or control, Waffle House will produce documents responsive to this request.

REQUEST:

4. Any corporate rules, suggestions, plans, etc. regarding design of new restaurants and their parking lots.

RESPONSE:

Waffle House objects to this request because it is overly broad, unduly burdensome, is not reasonably limited in geographic or temporal scope, and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Waffle House further objects to this request because it seeks information which is confidential and proprietary in nature. Additionally, Waffle House objects to this request to the extent it seeks documents which are protected by the attorney/client privilege and the work product doctrine. Moreover, Waffle House objects to this request because the terms "...rules, suggestions, plans, etc." are not defined and are therefore ambiguous. Without waiving these objections, to the extent any such documents exist and are in Waffle House's possession or control, Waffle House will produce non-privileged documents applicable to

"EXHIBIT B"

the design of the restaurant in question and its parking lot during the two years prior to the accident at issue subject to a mutually agreeable confidentiality agreement and protective order.

REQUEST:

5.   Any company policies regarding installation of safety barriers between the restaurants and parking lots.

RESPONSE:

Waffle House objects to this request because it is overly broad, unduly burdensome, is not reasonably limited in temporal or geographic scope, seeks information which is not reasonably calculated to lead to the discovery of admissible evidence, and seeks information which is confidential and proprietary in nature. Additionally, Waffle House objects to this request to the extent it seeks documents which are protected by the attorney/client privilege the work product doctrine, or which are confidential in nature. Without waiving these objections, to the extent any such documents exist and are in Waffle House's possession or control, Waffle House will produce non-privileged documents responsive to this request applicable to the restaurant in question during the two years prior to the accident at issue subject to a mutually agreeable confidentiality agreement and protective order.

REQUEST:

6.   Corporate profit statements for the last three (3) years.

RESPONSE:

Waffle House objects to this request because it seeks information which is not reasonably calculated to lead to the discovery of admissible evidence at the trial of this case, seeks information which is confidential and proprietary in nature and is overly broad.

"EXHIBIT B"

SPECIFIC OBJECTIONS AND RESPONSES TO AREAS OF TESTIMONY

1. Site design and safety.

RESPONSE:

Waffle House objects to this area because it is overly broad, unduly burdensome, is not reasonably limited in geographic or temporal scope, and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Waffle House further objects to this area because it seeks information which is confidential and proprietary in nature. Additionally, Waffle House objects to this area to the extent it seeks information which are protected by the attorney/client privilege and the work product doctrine. Without waiving these objections, to the extent questioning is limited to non-privileged information related to the design of the restaurant in question and its parking lot as well as building safety from vehicle strikes related to the restaurant in question during the two years prior to the accident at issue and further that proprietary information provided is protected under a mutually agreeable confidentiality agreement and protective order, Waffle House will not object to said questioning.

2. Previous and similar incidents at any Waffle House restaurant.

RESPONSE:

Waffle House objects to this area because it is overly broad, unduly burdensome, is not reasonably limited in geographic or temporal scope, and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence. Waffle House further objects to this area to the extent it seeks information which is confidential and proprietary in nature. Additionally, Waffle

"EXHIBIT B"

House objects to this area to the extent it seeks information which are protected by the attorney/client privilege and the work product doctrine. Without waiving these objections, to the extent questioning is limited to non-privileged information relating to prior incidents of vehicles striking the Waffle House restaurant at issue in this lawsuit during the two years prior to the accident at issue and proprietary information provided is protected under a mutually agreeable confidentiality agreement and protective order, Waffle House will not object to said questioning.

3. Corporate profits.

**RESPONSE:**

Waffle House objects to this area because it seeks information which is not reasonably calculated to lead to the discovery of admissible evidence at the trial of this case, seeks information which is confidential and proprietary in nature and is overly broad.

Respectfully submitted,

_____
Robert E. Battle (ASB-7807-T67R)
Michael J. Clemmer (ASB-4005-E68M)
Attorney for Defendant Waffle House, Inc.

**OF COUNSEL:**

**BATTLE FLEENOR GREEN
  WINN & CLEMMER LLP**
The Financial Center
505 North 20th Street, Suite 1150
Birmingham, Alabama 35203
Telephone:  (205) 397-8160
Fax:        (205) 397-8179
Email:      rbattle@bfgwc.com

"EXHIBIT B"

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following counsel of record by directing same to their office addresses through first-class, United States mail, postage prepaid, on this the 11th day of September, 2007:

> Benjamin H. Parr
> INGRUM, RICE & PARR, LLC
> 410 Second Avenue
> Opelika, AL 36801

_____
OF COUNSEL