IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMBERLY JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 3:06CV559-CSC-E |
| | ) |
| WAFFLE HOUSE, INC., | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT WAFFLE HOUSE, INC.'S REPLY BRIEF IN SUPPORT OF ITS
MOTION FOR PARTIAL SUMMARY JUDGMENT**

**COMES NOW** Defendant, Waffle House, Inc. ("Defendant" or "WHI"), by and through its undersigned counsel, and submits the following Reply Brief in Support of its Motion for Partial Summary Judgment on Plaintiff's Wantonness Claim:

**I.  PLAINTIFF JOHNSON HAS FAILED TO ESTABLISH A GENUINE QUESTION OF FACT REGARDING HER WANTONNESS CLAIM.**

Plaintiff asserts in her response brief that a "similar" incident occurred at the restaurant in question and that this incident creates a question of fact on her claim for wantonness. (See Plaintiff's Resp. at 4).[1] Wantonness is to be determined by the facts and circumstances of each case. Joseph v. Staggs, 519 So. 2d 952, 954 (Ala. 1988). Wantonness is ***not*** negligence:

---

[1] Plaintiff also states that WHI provided Plaintiff's counsel with notice that it would not provide responsive documents related to similar incidents at any Waffle House restaurant in the United States since WHI has been in business (1955) other than incidents related to the Waffle House restaurant at issue "at 9:49 a.m. on 3 October 2007." Plaintiff's counsel is apparently implying that WHI failed to notify him in a timely fashion of its position. Plaintiff fails to note that discovery has been ongoing for more than six (6) months and that a request for such documents was not served on WHI until August 24, 2007 to which WHI timely filed its objections on September 11, 2007. Regardless, Plaintiff is simply not entitled to go on a "fishing expedition" related to WHI's 750+ company-operated restaurants spanning throughout ten (10) states, some of which have been in business since WHI first opened its doors to the public fifty-two years ago.

> While it may be difficult to define the exact point at which the probability of harm is sufficient to support a jury's finding of wantonness, courts and juries must attempt to discern that line in light of the fact that wantonness is distinct from negligence, and punitive damages are meant "to punish [the defendant] for his outrageous conduct and to deter him and others like him from similar conduct in the future."

Salter v. Westra, 904 F.2d 1517, 1526 (11th Cir. 1990) (citations omitted). Under Alabama law, wantonness means knowledge that an act or failure to act does not merely increase risk of injury, but that act makes injury "likely" or "probable." Id. In other words, there can be no finding of "wantonness simply on the basis of a defendant's awareness that his actions (or failure to act) would entail more risks than not taking the action in question." Id. at 1526-27.

Contrary to Plaintiff Johnson's position in opposing WHI's Motion for Partial Summary Judgment, notice of prior injuries or accidents "***does not*** automatically create a jury question on wantonness." Richards v. Michelin Tire Corp., 21 F.3d 1048, 1058 (11th Cir. 1994) (applying Alabama law) (emphasis added); Toole v. McClintock, 999 F.2d 1430, 1435-36 (11th Cir. 1993) (applying Alabama law); Rommell v. Auto. Racing Club of Am., Inc., 964 F.2d 1090, 1096-98 (11th Cir. 1992) (applying Alabama law); Benford v. Richards Med. Co., 792 F.2d 1537, 1538-39 (11th Cir. 1986) (applying Alabama law). In Richards, the defendant tire manufacturer knew of several incidents involving injuries from an alleged defect (mismatches) in its tires out of millions of tires it sold. Because the evidence showed the incidence of mismatches was remote, the Court found that a jury could not conclude that the defendant "knew" the mismatches were "likely." Thus, it granted the defendant's motion for judgment as a matter of law on the plaintiff's wantonness claim. Id.

In Rommell, the Eleventh Circuit held that the defendant racing association's knowledge of pit fires did not create a jury question as to whether the defendant was wanton in failing to provide pit crews with non-flammable clothing. Rommell, 964 F.2d at 1096-98. The Court

found the defendant's conduct could not be described as "knowing" that injury as a result was "probable," despite the fact that pit fires were known to occur. Id.

Similarly, in Toole, the Eleventh Circuit reversed an award of punitive damages, holding that because the likelihood that silicone gel breast implants would rupture during surgery was less than one percent, such harm cannot be considered a "likely" event and thus plaintiff's wantonness claim was denied. Toole, 999 F.2d at 1435. In reaching its decision, the Court noted that although the evidence showed that an implant rupture was possible and could be serious if it occurred, a rupture was no "likely" event. Id.

Like Toole, the Benford court reversed an award of punitive damages in a medical device case. The Court found that the defendant manufacturer was on notice of one opinion that its chosen metal for the device was potentially harmful. The plaintiff claimed this adverse opinion and the defendant's failure to act upon it amounted to wanton conduct. The Court disagreed, finding that only one dissenting opinion regarding the safety of the chosen metal, when compared to a number of positive opinions and successful trials, was insufficient to label the defendant's conduct as "recklessly indifference" so as to support an award of punitive damages. Benford, 792 F.2d at 1539.

Here, the accident out of which Plaintiff Johnson complains cannot be described as "likely" or "probable." In fact, the accident can only be classified as an anomaly. The evidence demonstrates that only **once** previously, in 2004, had a vehicle actually collided with the structure of WHI Unit #805, a building that has been open for business 24-hours-per-day since it opened in 1991.[2] That 2004 incident did not involve the vehicle penetrating the walls of Unit

---

[2] Plaintiff Johnson repeatedly argues in her opposition to WHI's Motion for Partial Summary Judgment that vehicles had collided with Unit #805 on two prior occasions. (See Plaintiff's Opposition, p. 3, ¶ 3). In reality, one of those incidents involved a tall medical

#805 and did not involve any physical injuries to any customers or employees, inside or outside the building. The incident simply involved a car popping-over the concrete parking barrier and causing only cosmetic damage to the building. As Division Manager Tom Carlson testified at his deposition, following this incident, it never occurred to him that a vehicle could, or would, actually penetrate the building and cause injury. (See Deposition Excerpts of Thomas Carlson, attached as Exhibit C to Plaintiff's Opposition, pp. 40:20-23, 41:1-2). **In fact, this incident is actually evidence that it was reasonable to believe that a vehicle that struck the wall of the restaurant would not penetrate the wall and cause physical injury.**

Indeed, the matter at bar is the only occasion during the past eleven years (the term for which Mr. Carlson has supervised the restaurant) that a vehicle has struck Unit #805, penetrated an exterior wall and caused alleged physical injury. (See Declaration of Thomas Carlson, ¶ 7). As a result, it cannot be said that WHI was on notice, or "knew," that it was "likely" a vehicle would jump the concrete parking barrier, penetrate an exterior wall of the building, and cause alleged personal injury. As such, the wantonness claim is due to be dismissed.

II.   **WHI'S COMPLIANCE WITH APPLICABLE BUILDING REGULATIONS AND STANDARDS IS, AT A MINIMUM, EVIDENCE OF SOME DUE CARE, AND THUS NEGATES THE WANTONNESS CLAIM.**

As noted by Plaintiff Johnson's purported expert, Mr. Timothy Simpson, WHI constructed the parking lot at Unit #805 within acceptable building and engineering standards. (See Plaintiff's Expert Report, attached as Exhibit E to Plaintiff's Opposition, pp. 2 and 4). This compliance is, at a minimum, evidence of some due care. Elliot v. Brunswick Corp., 903 F.2d

---

transportation truck striking the building's covered awning in 2001 – not the exterior walls of the building itself. (See Declaration of Thomas Carlson, attached to WHI's Motion for Partial Summary Judgment as Tab 5, ¶ 8). Thus, while there are some minor factual similarities between the present matter and the 2004 incident involving minor cosmetic damage to an exterior wall of the building, the incident involving the medical transportation truck clearly bears no similarity and is due to disregarded.

4

1505, 1508 (11th Cir. 1990) (applying Alabama law), cert. denied, 498 U.S. 1048, 111 S.Ct. 756, 112 L.Ed.2d 776 (1991); Dunn v. Wixom Bros., 493 So. 2d 1356, 1359-60 (Ala. 1986); Richards, 21 F.3d at 1059.  The fact that WHI has complied with applicable building and engineering standards negates any finding of wantonness, which necessarily requires a finding of "reckless indifference." Salter, 904 F.2d at 1526.  Therefore, Plaintiff Johnson's wantonness claim cannot withstand summary judgment and it should be dismissed.

## CONCLUSION

**WHEREFORE, PREMISES CONSIDERED**, Defendant Waffle House, Inc. respectfully requests this Court to enter summary judgment in its favor as to Plaintiff's claim of wantonness asserted against it.

                                                Respectfully submitted,

                                                /s/Robert E. Battle
                                                Robert E. Battle (ASB-7807-T67R)
                                                Michael J. Clemmer (ASB-4005-E68M)
                                                Attorneys for Defendant WAFFLE HOUSE, INC.

**OF COUNSEL:**

**BATTLE FLEENOR GREEN
  WINN & CLEMMER LLP**
The Financial Center
505 North 20th Street
Suite 1150
Birmingham, Alabama 35203
Telephone: (205) 397-8160
Fax: (205) 397-8179
Email: rbattle@bfgwc.com
       mclemmer@bfgwc.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Benjamin H. Parr
INGRUM, RICE & PARR, LLC
410 Second Avenue
Opelika, AL 36801

And, I hereby certify that I have mailed by United States Postal Service the document to the following non- CM/ECF participants: **None**

/s/ Robert E. Battle
OF COUNSEL