IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| AMBERLY JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.  3:06cv559-CSC |
| | ) | WO |
| WAFFLE HOUSE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**INTRODUCTION**

In this diversity case, Amberly Johnson ("Johnson") claims that Waffle House, Inc., acted both negligently and wantonly by failing to protect its customers from vehicular traffic. Diversity jurisdiction is founded on 28 U.S.C. § 1332, under which this court applies state substantive law and federal procedural law.  *See Erie R.R.. v. Tompkins,* 304 U.S. 64 (1938).

Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.  Before the court is the defendant's September 18, 2007, (Doc. No. 22.) motion for partial summary judgment on Johnson's wantonness. After careful review and consideration of the motion for summary judgment, and the responses and the evidentiary materials filed in support of and in opposition to the motion, the court concludes that the defendant's motion for partial summary judgment with respect to the wantonness claim is due to be granted.

## SUMMARY JUDGMENT STANDARD

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

The movant may meet this burden by presenting evidence showing there is no dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.  If the movant succeeds in demonstrating the absence of a material issue of fact, the burden shifts to the non-movant to establish, with evidence beyond the pleadings, that a

---

[1]  In *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the court stated:

"[Where the nonmoving party will bear the burden of proof at trial on a dispositive issue...Rule 56(e)...requires the nonmoving party to go beyond the pleadings and by...affidavits, or by the "depositions, answers to interrogatories, and admissions on file," designate  "specific facts showing that there is a genuine issue for trial. . . .We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment...Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) except the mere pleadings themselves. . . .

*Id.* at 324.

genuine issue material to the non-movant's case exists. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-17 (11th Cir. 1993); *see also* FED. R. CIV. P. 56(e). ("When a motion for summary judgment is made and supported ... an adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response ... must set forth specific facts showing that there is a genuine issue for trial."). What is material is determined by the substantive law applicable to the case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986).

A dispute of material fact "is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, the non-movant must present "affirmative evidence" of material factual conflicts to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. If the non-movant's response consists of nothing more than conclusory allegations, the court must enter summary judgment for the movant. *See Holifield v. Reno*, 115 F.3d 1555, 1564 n. 6 (11th Cir. 1997); *Harris v. Ostrout,* 65 F.3d 912 (11th Cir. 1995).

However, if there is a conflict in the evidence, "the [non-movant's] evidence is to be believed and all reasonable inferences must be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, *Inc*., 207 F.3d 1351, 1356 (11th Cir. 2000). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there remains no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law  FED. R. CIV. P. 56(c).  With these principles of law in mind, the court will determine now whether summary judgment is appropriate and should be granted.

## FACTS[2]

On January 1, 2006, Johnson and her boyfriend celebrated the New Year by ordering takeout at a local Waffle House.  (Doc. No. 23-4, Johnson's Dep., p. 21.)  While Johnson waited for her order of double hash browns and a double cheeseburger, an elderly man attempted to park in the Waffle House parking lot.  When the driver mistook the accelerator for the brake, his car went over the wheel stop and crashed through the wall of the restaurant.  (*Id.*, pp. 21, 23, 27-28; Doc. No. 23-3, Def's Ex. 2, Woodham's Dep., p. 13.)   The car brushed past Johnson, knocked over tables and chairs in its path, and stopped at the grill where the court can only assume that Johnson's scattered, covered, and smothered hash browns and burger met their demise.  (Johnson's Dep., pp. 23, 26-27.)  Johnson felt pain in her left leg.  (*Id.*, p. 28.)  Johnson's jeans were ripped and a thick piece of glass was in the lower part of her left leg.  (*Id.*, pp. 28-29, 31.)  Johnson's boyfriend and a Waffle House employee carried Johnson to the parking lot and another employee removed the glass from Johnson's leg. (*Id.*, pp. 26, 28, 30, 47.)

An ambulance arrived and the paramedics offered to take Johnson to the hospital.  (*Id.*, p. 48.)  Johnson declined and rode to the hospital with her boyfriend.  (*Id.*)  At the

---

[2] On a motion for summary judgment the court must construe the facts in the light most favorable to the non-movant. *See, e.g. Brown v. Crawford*, 906 F.2d 667 (11th Cir. 1990).

4

hospital, Johnson's bruised leg began to swell, and she continued to suffer pain. (*Id.*, p. 52.) Medical personnel conducted x-rays and determined that Johnson's leg was not broken. (*Id.*) Due to swelling in her leg, Johnson was advised to rest. (*Id.*, p. 53.) After her medical examination, Johnson was administered pain medication and released from the hospital. (*Id.*, p. 52.)

Even though Johnson was sore and sleepy, she was still hungry. (*Id.*, p. 55.) Johnson and her boyfriend went to a different Waffle House and ordered more hash browns and burgers, which they got free of charge.[3] (*Id.*, pp. 55-56.) Johnson then went home, ate, and took a nap. (*Id.*, p. 53.) On June 22, 2006, Johnson filed this lawsuit against Waffle House.[4] (Doc. No. 1.)

## DISCUSSION

Johnson claims that Waffle House negligently and wantonly caused, permitted, allowed, or created a dangerous condition by failing to protect its restaurant from vehicular traffic. (*Id.*, p. 1.) Under Alabama law, "negligence and wantonness are two distinct tort concepts of actionable culpability; consequently, they are defined by differing elements." *S.B. v. St. James Sch.*, 959 So. 2d 72, 89 n. 7 (Ala. 2006). "Wantonness involves the conscious doing of some act or the omission of some duty, while *knowing* of the existing conditions and *being conscious* that, from doing or omitting to do an act, injury will likely

---

[3] Johnson remained in the car while her boyfriend picked up the food inside the restaurant. (Johnson's Dep., p. 54.)

[4] Johnson's claims against the driver of the car were settled by his liability carrier before any lawsuit was filed. (Doc. No. 11, Def's Exhs. A & B.)

or probably result." *Hooper v. Columbus Reg'l Healthcare Sys.*, 956 So. 2d 1135, 1140 (Ala. 2006) (citations omitted) (emphasis in original). "Wantonness imports premeditation, or knowledge and consciousness that the injury is likely to result from the act done or from the omission to act." *Haynes v. Sarsfield*, No. 2:06cv519-MEF, 2007 WL 2409724, *3 (M.D. Ala. Aug. 21, 2007), *citing Tolbert v. Tolbert*, 903 So. 2d 103, 115 (Ala. 2004).

Johnson argues that Waffle House knew or should have known that injury was likely to result to its customers because a similar incident occurred at the same restaurant on a prior occasion. It is undisputed that, in 2004, a customer mistakenly left her car running when entering the restaurant to receive a to-go order and that the car subsequently went over the wheel stop and bumped into the restaurant, causing damage to a brown storefront panel.[5] (Doc. No. 26-2, Pl's Ex. C, pp. 35-37.) The plaintiff further argues that the presence of concrete bollards installed around the restaurant's mechanical room and garbage cans indicate that Waffle House had knowledge that these devices are useful in protecting objects or individuals from traffic. (Doc. No. 26, Pl's Response Brief, pp. 4-5.) The court concludes, however, that the minor accident in 2004 and the use of concrete bollards in other areas around the restaurant do not create a genuine issue of fact as to whether Waffle House was "conscious, based on existing conditions, that injury [would] likely or probably result" from a car careening over a wheel stop and accelerating through the exterior wall of the building and into the restaurant. *See Haynes*, *supra*. While it remains to be seen whether

---

[5] During his deposition, Tom Carlson, a Waffle House manager, testified that the damage to the building was minor and that the panel was replaced. (Pl's Ex. C, p. 36-37.)

6

Waffle House was negligent in failing to protect its customers from vehicular traffic, the court concludes that "'there is a total lack of evidence from which the jury could reasonably infer wantonness.'" *Id.*, *quoting McDougle v. Shaddrix*, 534 So. 2d 228, 231 (Ala. 1988). In viewing the evidence in the light most favorable to Johnson, this court finds that summary judgment is appropriate on Johnson's wantonness claim. Accordingly, the motion for partial summary judgment is due to be granted.

## CONCLUSION

Accordingly, it is

ORDERED that the defendant's motion for partial summary judgment be and is hereby GRANTED. (Doc. No. 22.)

Done this 15th day of October, 2007.

_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE