IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMBERLY JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No: 3:06 CV559-CSC-E |
| ) | |
| WAFFLE HOUSE, INC., ) | |
| Defendant. ) | |

**MOTION TO RECONSIDER**

Comes Now the Plaintiff in the above styled cause, by and through her attorney, Benjamin H. Parr, and moves this Honorable Court to reconsider its rulings on the Defendants' Motion for Partial Summary Judgment and the Plaintiff's Motion to Compel, and as grounds for such would show unto the Court the following:

1. On 18 September 2007, the Defendant filed a Motion for Partial Summary Judgment, asking the Court to grant it a judgment as a matter of law on the Plaintiff's wantonness claim. The basis of the Defendant's motion was that there had never been a similar *injury producing* incident at Waffle House # 805, and thus the requisite knowledge of the likelihood of injury was absent.

2. The Defendant has refused to produce in discovery any information regarding incidents at other Waffle House locations.

3. On 3 October 2007, the Plaintiff filed a response to the Defendant's summary judgment motion, arguing that the previous incidents and installation of bollards around the garbage cans and mechanical room was

      sufficient to show knowledge when viewed in the light most favorable to the Plaintiff. In the response, Plaintiff also referenced the failure of Waffle House to disclose information regarding other incidents, and that a motion to compel would be filed.

4. On 9 October 2007, the Plaintiff filed a motion to compel disclosure of information regarding similar incidents at other Waffle House locations.

5. On 15 October 2007, the Court granted the Defendant's Motion for Partial Summary Judgment, ruling that the previous incidents at Waffle House # 805 and the installation of bollards alone were not sufficient to show the knowledge required for wantonness.

6. On 16 October 2007, the Court denied the Plaintiff's Motion to Compel as moot, since the wantonness claim had been dismissed.

7. Plaintiff argues that other similar incidents at similarly designed Waffle House restaurants are relevant to the issue of the Defendant's knowledge of the likelihood of injury producing incidents such as the one at Waffle House # 805 on 1 January 2006. If a similarly designed restaurant owned by Waffle House, Inc., has incurred a similar injury producing incident, then the Defendant had knowledge of the likelihood of injury resulting from another incident. The Plaintiff has been prevented from adducing additional evidence of the Defendant's knowledge through the Defendant's failure to disclose any information about other similar incidents.

8. The information provided pursuant to Plaintiff's request could shed additional light on the Defendant's knowledge, and alter the Court's ruling regarding summary judgment on the wantonness claim.

9. Plaintiff will be denied a fair opportunity to prosecute her case without an order from the Court compelling production of the requested information.

**WHEREFORE, Plaintiff respectfully requests that this Court reconsider and set aside its rulings of 15 and 16 October 2007, enter an order compelling the Defendant, Waffle House, Inc., to disclose the requested information regarding previous incidents, site design, and safety plans, etc., at other Waffle House Restaurant locations, while reserving the Court's right to make subsequent determinations on specific questions posed to the Defendant at deposition, and order new briefs filed on the issue of summary judgment after discovery is complete.**

Respectfully submitted this the 22nd day of October 2007.

    //s// Benjamin H. Parr
Benjamin H. Parr (ASB-7490-I37P)
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

      I do hereby certify that I have on this day delivered a true and correct copy of the foregoing Motion to Compel to the attorney for the Defendant by electronic filing on this the 22nd day of October 2007.

                //s// Benjamin H. Parr
                Benjamin H. Parr
                Ingrum, Rice & Parr, LLC
                410 Second Avenue
                Opelika, Alabama 36801
                Telephone Number: (334) 745-3333
                Facsimile Number: (334) 745-3155
                irp@bellsouth.net

Hon. Robert Battle, &
Hon. Michael Clemmer
Battle, Fleenor, Green, Winn, & Clemmer, L.L.P.
1150 Financial Center
505 20th Street N.
Birmingham AL 35203-2605