IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMBERLY JOHNSON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.  3:06cv559-CSC |
| ) | |
| WAFFLE HOUSE, INC., ) | |
| ) | |
|    Defendant. ) | |

**ORDER**

On September 20, 2007, this court ordered the plaintiff to file a response to the defendant's motion for summary judgment on the wantonness claim on or before October 3, 2007. On October, 3, 2007, the plaintiff filed her response to the defendant's motion for partial summary judgment, asserting that she "presented sufficient evidence, which when viewed in the light most favorable to the Plaintiff, constitutes substantial evidence from which a jury could reasonably determine that the Defendant acted wantonly." (Doc. No. 25.) On October 9, 2007, the plaintiff filed a motion to compel the defendants to produce any records concerning similar incidents at other Waffle House restaurants, any documents regarding the design of new restaurants and their parking lots, and any company policies regarding installation of safety barriers between restaurants and parking lots. (Doc. No. 27.) Within her motion to compel, the plaintiff argued that the requested records and documents would lead to discoverable information concerning her wantonness claim. (*Id*.)

On October 15, 2007, this court entered an order granting the defendant's motion for summary judgment with respect to the wantonness claim. (Doc. No. 32.) Given that the defendant's motion to compel was filed several days after her response was due and this court had granted the defendant's motion for summary judgment on the wantonness claim, this court

subsequently denied the plaintiff's motion to compel as moot.

On October 22, 2007, the plaintiff filed a motion for reconsideration (doc. # 34), asserting that this court should reconsider its orders granting the defendant's motion for summary judgment on the wantonness claim and denying her motion to compel. Specifically, the plaintiff argues that she should have been allowed to conduct additional discovery on the wantonness claim prior to this court's granting of the defendant's motion for summary judgment. As previously discussed, the plaintiff's motion to compel was filed several days after her response and supporting evidentiary materials were due in this court.

Accordingly, it is

ORDERED that the motion for reconsideration be and is hereby DENIED.

Done this 23rd day of October, 2007.

        /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE