IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| AMBERLY JOHNSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )  CIVIL ACTION NO. 3:06cv559-CSC |
| | ) |
| WAFFLE HOUSE, INC., | ) |
| | ) |
|    Defendant. | ) |

**ORDER ON PRETRIAL HEARING**

A pretrial hearing was held in this case on December 17, 2007, wherein the following proceedings were held and actions taken:

    1.    Parties and Trial Counsel:

        Plaintiff: Amberly Johnson    Attorney for Plaintiff: Benjamin H. Parr
        Defendant: Waffle House, Inc.   Attorneys for Defendant: Bob Battle and Michael Clemmer.

Counsel appearing at pretrial hearing are the same as Trial Counsel.

    2.    Jurisdiction and Venue: Jurisdiction is proper as the Defendant is a Georgia Corporation doing business in Alabama, the Plaintiff is a resident of Alabama, and the amount in controversy exceeds $75,000.00. Venue is proper.

    3.    Pleadings: The following pleadings and amendments were allowed: The Complaint of Amberly Johnson and the answer of Defendant Waffle House, Inc., with no amendments.

    4.    Contentions of the parties:
        a.    The Plaintiff contends that:

            1.    On or about 1 January 2006, The Plaintiff was a business invitee on the premises of Defendant's restaurant located at 907 Fox Run Parkway, Opelika, Alabama, for the purpose of purchasing food from Defendant's restaurant.
            2.    On this occasion, Defendant negligently caused, permitted,

                allowed, or created a dangerous condition and hazard to exist on these premises in the form of inadequate protection of the restaurant from vehicular traffic. Defendant had notice of this condition and negligently failed to exercise reasonable care to remove this condition.

        3.    Defendant breached its duty.

        4.    As a proximate result of Defendant's negligence, Plaintiff's suffered personal injury.

    b.    The Defendant contends that:

        1.    Defendant contends it has breached no duty owed to Plaintiff, in that the premises were maintained in accordance with all applicable building and engineering codes, standards and specifications.

        2.    Defendant denies it was the proximate cause of Plaintiff's alleged injury, as the offending driver is the responsible party.

        3.    Defendant asserts that any resulting harm or damage was not foreseeable. No like or similar accident had ever occurred previously at this Waffle House restaurant.

        4.    Defendant asserts that Plaintiff has not suffered damages as alleged in her Complaint. Alternatively, Defendant contends Plaintiff has been made whole for any alleged damages through her settlement with the offending driver in the amount of $12,500 and further that Plaintiff has been compensated for time off work by disability insurance payments.

        5.    Defendant is entitled to set-offs and/or credits for the amounts of Plaintiff's settlement with the offending driver and any benefits received from third-party insurance providers (i.e. her disability benefits).

        6.    Defendant further asserts that Plaintiff's claims are barred based on the affirmative defenses set forth in its Answer, among other reasons.

5.    Stipulations between the parties:

    a.  The parties are properly named.
    b.  Jurisdiction and venue are proper.

  6.  This case will be tried by a jury of eight (8) members.

  7.  The parties shall file any requested voir dire questions, motions in limine, fully briefed, and proposed jury instructions, together with citation of law thereon, on or before two weeks prior to the date shown on the docket for jury selection, unless said time is shortened by the Court on motion of either party.

  8.  Each party shall have available at the time of trial, for use by the Court, two copies of the list of the party's exhibits and two extra copies of each photostatically reproducible exhibit.

  It is ORDERED by this Court that all of the above named allowances and agreements be, and the same are hereby, binding upon all parties in the above styled cause unless this Order be hereafter modified by Order of the Court.

  Done this 18th day of December, 2007.


           /s/Charles S. Coody
          CHARLES S. COODY
          CHIEF UNITED STATES MAGISTRATE JUDGE